HARTFORD FIRE INSURANCE COMPANY, Appellant, v. A. F. DAVIS & COMPANY, Respondents.

Kansas City Court of Appeals, November 19, 1894.

1. **Appellate Practice:** WEIGHING EVIDENCE: INSTRUCTIONS. The appellate court will not weigh evidence to ascertain in whose favor it may preponderate; nor will it discuss the instructions, where the trial is before the court without a jury, except as they may show the theory on which the trial court disposed of the cause.

2. **Insurance:** CHANGE OF POLICY: NOTICE TO INSURED: ACCEPTANCE OF CHANGED POLICY. There can be no change of a policy of insurance without notice, as the insured has a perfected right to the policy in its unchanged form. Yet, when it has been formally delivered in its changed form, the insured must be held to have accepted it as changed, and, in the absence of fraud, be presumed to know its contents.

3. ———: ———: PRESUMPTION. A policy of insurance changed by a slip attached to its face before formal delivery, will be presumed to remain and be in this changed condition at the time of delivery.

4. ———: ———: KNOWLEDGE OF INSURED. Where an insurer has ordered its agent to change its policy and the agent notifies the insurer that the change has been made, the insurer, when sued on the policy, should hold the change in memory.

*Appeal from the Howard Circuit Court.*—HON. JNO. A. HOCKADAY, Judge.

AFFIRMED.

*Fyke, Yates & Fyke* for appellant.

(1) When the finding of the court is so manifestly against the evidence as it is in this case, this court ought, in the interest of justice, to interfere and set the judgment aside. *Scott v. Brockway,* 7 Mo. 61;

*Hewit v. Dougherty*, 25 Mo. App. 326; *Klosterman v. Kaye*, 39 Mo. App. 60; *Moore v. Railroad*, 28 Mo. App. 622; *Garrett v. Greenwell*, 92 Mo. 120. (2) It was not sufficient for defendant to make an indorsement on the policy dividing the risk, even if it was made. It was ineffectual to work a change in the policy unless assured was notified of the change and assented thereto. Plaintiff's declarations of law, numbers 1, 2, and 4, should have been given. (3) The declarations of law given by the court of its own motion are erroneous. They ignore knowledge on the part of insured of the change. Even if the change was made before the policy was first delivered to and accepted by assured, of which there is no evidence, still, to bind her by the change, she must have had knowledge thereof.

*Draffen & Williams* for respondents.

(1) The finding of the trial court is amply supported by the testimony. The learned circuit judge saw the witnesses, heard them testify orally, and inspected the original documents offered in evidence. While this court can not pass upon the weight of the evidence, we confidently submit, that the record affords abundant proof that the conclusion reached by the court below upon the facts is correct. (2) The evidence in this case discloses the fact, that when Mrs. Brown applied for the insurance, she made no contract for a blanket-policy for $1,300 covering all the furniture. It was left to the agents to write it up. The evidence is to the effect that she wanted it divided. When the matter was reported to the company, and on the twenty-ninth, and before the delivery of the policy, it directed the division to be made, it was competent for defendants to do so. It was not changing the con-

tract of the assured or putting upon her a different policy from that contracted for. The declarations of law given by the court were correct under the facts of this case. (3) If, however, the plaintiff is right, and although there was no contract for a blanket-policy, yet as soon as it was written in that form, and before it was delivered to, or accepted by, the assured, or approved by the company, the company became bound to deliver it as a policy covering jointly all of the furniture in the dwelling and storeroom, and could not divide the insurance without the consent of the assured, then the plaintiff has no cause of action. There is no evidence that the assured consented, or would have consented to any change. The defendants can not be liable for not obeying a direction to do that which plaintiff had no right to do. If the policy under the facts of this case became binding in that particular form, as soon as written up, then plaintiff could not change it, and there is nothing in the abstract in this case showing that it reserved any such power. May on Insurance [1 Ed.], sec. 67.

ELLISON, J.—Defendants were the agents of plaintiff and as such had insured the furniture of a Mrs. Browne which was situated partly in her dwelling house and partly in a building near by, but not adjoining. The furniture in the latter building was destroyed by fire and Mrs. Browne recovered by suit the full amount of the policy issued to her. When plaintiff was first notified of the issuance of the policy to Mrs. Browne, it notified defendants as its agents to divide the insurance if the dwelling and other house did not adjoin, but did not specify the amount which should be placed on each. The defendants responded to this direction from plaintiff by stating that they had divided the insurance by placing $800, on the furniture

in the dwelling and $500 on that in the other building. The policy was afterwards delivered to Mrs. Browne, a fire thereafter occurring, and upon which she recovered a judgment as before stated. Plaintiff thereupon instituted this suit against defendants for the damages resulting from their alleged failure to divide the policy as directed and as they reported they had done. Defendants defended on the ground that they had divided the insurance in the manner stated by them to plaintiff in response to the direction of plaintiff that they should divide it. The evidence to sustain this defense consisted principally in that defendants made the change by filling out two paper slips with a statement of the change and pasting one on the face of the policy and the other on the margin of their register. The slip on the register was in its place at the trial, but the slip said to have been attached to the policy was not, but the policy bore evidence of having had some pasted matter attached to it. The evidence in behalf of the defense further tended to show that the change was made in the manner aforesaid two months or more before the policy was delivered over to Mrs. Browne, though, perhaps, a few days after it was made out. It appearing that it was made out and remained with defendants for a period of time before it was delivered.

We have gone over the evidence as preserved in the abstracts and find that it was sufficient in point of substance to uphold the finding of the court. It is scarcely necessary to repeat here that, we will not undertake to weigh the evidence in order to ascertain in whose favor it may preponderate, that duty having been performed by the trial court. The trial being had without a jury, it is of no particular moment to discuss the instructions, except as they may show the theory upon which the trial court disposed of the case. The effect of the declarations was that, although there

could be no change or division of the policy without notice to Mrs. Browne, yet, if the policy had been changed or divided by defendants before they delivered it to Mrs. Browne then it was a valid change of the policy and the policy had been made to comply with the directions which plaintiff had given defendants. This was a correct declaration. Conceding that when the policy was originally made out and left in the hands of defendants, Mrs. Browne had a perfected right therein in the form it was then, yet when it was formally delivered to her, some time afterward, she accepted it in its changed condition, and she must be held to have accepted it as changed. She must, in the absence of fraud, be presumed to know its contents and to have determined to be governed thereby. There is, however, a slight difficulty right at this point. It seems that the policy afterward appeared without the slip making the division being attached and the defense does not affirmatively show that it was attached at the time it was delivered to Mrs. Browne. It was not opened by defendants. But the defense does show that is was duly attached and we must presume that it remained so until a period when it was shown not to be, and this was not till long after its delivery to Mrs. Browne.

It seems that Mrs. Browne's recovery on the policy was for the whole amount of the policy, there being enough loss in the one building burned to cover the amount of the policy. She was enabled to recover the full amount of the policy by reason of its not appearing at the trial to have been divided so as to put a part of the amount on the other building. Something has been said in regard to this to the effect that defendants should have spoken at the trial of the fact of the division having been made so that plaintiff here might have protected itself. Defendants here say that the

fact did not recur to them at the time. That, having had so much of insurance business, they had forgotten it. But be this as it may, it is conceded that defendants notified this plaintiff that the change had been made and plaintiff should have had this in memory when sued by Mrs. Browne for the full amount of the policy. We do not consider this of any particular importance and only refer to it, since it has been mentioned.

The judgment will be affirmed. All concur.