SCHOOL DISTRICT NUMBER 4, TOWNSHIP 65, RANGE 24, MERCER COUNTY, MISSOURI, Respondent, v. STATE INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, April 1, 1895.

1. **Insurance**: WARRANTY AS TO VALUE. A false warranty of value will annul a policy of insurance. Where a value stated in a policy is warranted to be *the* value, it goes beyond an expression of opinion and becomes an express assertion of a fact.

2. ——: READING APPLICATION: FRAUD. In the absence of fraud or deceit, the assured is presumed to have read the application before signing it and is acquainted with its contents; and a party who signs without reading can not have the instrument set. aside because it turns out to contain provisions contrary to his intentions or contains a mistake.

*Appeal from the Mercer Circuit Court.*—HON. IRA B. HYDE, Special Judge.

REVERSED.

*Fyke, Yates & Fyke* for appellant.

(1) Even if there were no limitation upon the authority of the agent who took the application in this case, under the facts stated in plaintiff's reply, it was error to permit plaintiff to prove that such agent was informed at the time of taking the application that the building was worth only $400. Failure to read an application does not relieve a party from the effect of a failure of the warranty contained therein. Fraud, misrepresentation, imposition, deceit, may; but a mistake caused by the negligence of the party seeking the relief, never. *Palmer v. Ins. Co.*, 31 Mo. App. 472; *Robinson v. Jarvis*, 25 Mo. App. 425; *Brown v. Railroad*, 18 Mo. App. 574; *Snider v. Express Co.*, 63 Mo. 383; *Mensing v. Ins. Co.*, 36 Mo. App. 602. (2) Because of the limitation upon the authority of the agent who took the application, found both in the application itself and the policy issued thereon, it makes no difference what statements were made to the agent. *Mensing v. Ins. Co.*, 36 Mo. App. 602; *Shoup v. Ins. Co.*, 51 Mo. App. 286; *Holloway v. Ins. Co.*, 48 Mo. App. 1, affirmed 121 Mo. 87; *Sprague v. Ins. Co.*, 49 Mo. App. 423; *Loehner v. Ins. Co.*, 17 Mo. 247; *Deitz v. Ins. Co.*, 38 Mo. 85; *Ins. Co. v. Fletcher*, 117 U. S. 533. (3) The pleadings and proof admit that

the insured building was worth but $400. By the application it was warranted to be worth $500. The sworn statement of the architect, filed by plaintiff, with the proof of loss, was that it could be built new for $386.40. Can this be said to be a mere expression of opinion? No. See as directly in point, *Maddox v. Ins. Co.*, 56 Mo. App. 345; *Lama v. Ins. Co.*, 51 Mo. App. 447.

*M. F. Robinson* and *H. J. Alley* for respondent.

(1) We respectfully submit that the cases cited in appellant's brief, in support of first point, are not applicable in this case. (2) We respectfully submit that the cases cited in appellant's second point have no application to the case at bar. (3) We further submit that, by the terms of the policy sued on, defendant has waived any and all right to claim any forfeiture by reason of any overvaluation of the school building. The policy provides that, in case any building covered by this policy is totally destroyed by fire, and the cash value thereof is ascertained to be less than the amount to be insured thereon, this company will return with eight per cent. simple interest the premium paid by the assured on the difference between the amount mentioned in the policy on such building and its ascertained cash value at the time of loss. There is no claim or pretense that the defendant has complied with, or made any attempt to comply with, the provisions of this stipulation, and there is no doubt but what this stipulation was intended to cover, and does cover and provide for, just such cases as the one at bar, and we respectfully claim that it is, and ought to be, a complete waiver of defendant's contention. (4) We respectfully submit that the language of the statute, that the amount of insurance written in such policy

shall be taken conclusively to be the true value of the property when insured, is conclusive of this case.

ELLISON, J.—This action is based on a policy of insurance,. whereby a schoolhouse was insured for $400. Plaintiff recovered below. The policy is based on an application signed by the school directors, which contained a warranty that the schoolhouse was of the cash value of $500. The application was, by the terms of the policy, made a part thereof. The undisputed evidence was that the building was only worth $400. This is conceded by plaintiff. But it is alleged that defendant's agent wrote out the application, and that the school directors told him the value was $400, but by mistake he wrote it $500, and that they signed the application, presumably without reading it, though that does not appear. We will assume the foregoing to be true, and yet must rule that plaintiff can not recover. It is well settled that a false warranty of value will annul a policy of insurance. Plaintiff makes some contention as to value being a mere matter of opinion, but when we come to consider that a stated value is warranted to be *the* value, it goes beyond an expression of opinion and becomes an express assertion of fact.

The only matter open for our consideration is the point that the value was written in the application by mistake. There is no pretense of any fraud or deceit on the part of defendant's agent; or that he misrepresented anything in this regard at the time of signing the application. We are, therefore, bound to assume, under an unbroken line of decisions in the appellate courts of this state, that the directors read the application before signing it and were acquainted with all its contents. They, therefore, knew of the statement of the value contained in the application and of the warranty that it was the true value. *Palmer v. Insurance*

*Co.*, 31 Mo. App. 472; *Robinson v. Jarvis*, 25 Mo. App. 425; *Brown v. Railroad*, 18 Mo. App. 574; *Fire Ins. Co. v. Davis*, 59 Mo. App. 405; *Snider v. Express Co.*, 63 Mo. 383; *O'Bryan v. Kinney*, 74 Mo. 125, and authorities cited in those cases.

"A party who neglects to read a document he signs, can not have it set aside because it turns out to contain provisions contrary to his intentions; and, as a general rule, where there has been no misrepresentation, and where there is no ambiguity in the terms of the contract, the defendant can not be allowed to evade the performance of it by the simple statement that he has made a mistake." 1 Wharton on Contracts, sec. 196.

We are bound to apply these uncontroverted principles of law to the case as made and presented by the record, and, hence, must reverse the judgment. All concur.