[No. 5780.]

THE NATIONAL MUTUAL FIRE INSURANCE COMPANY v. DUNCAN.

1. Insurance—Application — Misrepresentation—A warranty of the truth of the "description, condition, situation and title," in an application for insurance, does not extend to the dimensions. —P. 476.

Where the application is made part of the contract, a warranty of the value of the property insured must be substantially true. Where the warranty makes gross exaggeration of the value, there can be no recovery.—P. 478.

When the policy is avoided for misrepresentation, the premium cannot be recovered.—P. 480.

Misrepresentation as to the title, when, in fact, the agent of the insurer is truthfully informed of all the facts, is not fatal. P. 486.

The insurer is not to avail of a clause declaring the policy void if the building is not upon ground owned in fee simple by the insured, if the application shows upon its face that the applicant claims only an estate for years.—P. 487.

2. Insurance—Conditions—A provision that other insurance shall not be taken out except by consent of the insurer is valid; but it is not violated by a mere application for insurance, and the execution of the second policy, never delivered.—P. 482.

3. **Insurance—Construction of Policy**—A policy is construed most favorably to the insured. It being provided that vacancy of the building for five days without consent of the insurer shall avoid the policy, and that it shall be the duty of the insured to report such vacancy within five days of its occurrence, and that any failure to so report shall avoid the policy, requires notice to be given only when the vacancy is without the consent of the insurer.—P. 483.

4. **Insurance—Waiver of Conditions**—Issuing a permit that a building may remain vacant for a certain period, with knowledge that it had previously been vacant without the consent of the insurer, waives the right to avail of the previous vacancy.—P. 485.

5. **Instructions—Nondirection**, as to a point to which no instruction correct in law is prayed, is not error.—P. 485.

*Appeal from Boulder District Court.*

*Hon. James E. Garrigues, Judge.*

Messrs. WHITFORD & MAY, for appellant.

Mr. G. D. DUNCAN, for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court:

The appellant, The National Mutual Fire Insurance Company, issued a policy of insurance to Duncan, the appellee, whereby it insured a building of the latter, located at Camp Francis, against loss by fire in the sum of one thousand dollars. Subsequent to the issuance of the policy the building was burned. The company refused to pay the loss, and Duncan brought suit to recover on his policy. There was a verdict and judgment for the plaintiff, from which the insurance company prosecutes this appeal.

As a defense to the action the defendant interposed seven separate defenses. · Each of these defenses was challenged by a general demurrer, which was sustained as to the fifth and sixth. The company elected to stand on these defenses. The fifth is as follows:

"5. For a further and fifth defense, this defendant says: That the policy of insurance so issued to the plaintiff by the defendant as in the plaintiff's complaint set forth, contained the following provision: 'This policy is made and accepted subject to the foregoing stipulations, conditions and by-laws of The National Mutual Fire Insurance Company.'

"That article 32 of the by-laws of the defendant company is as follows: 'The application, by-laws and policy constitute the entire contract between this company and the insured, and no officer, agent or representative of the company is authorized, empowered or permitted to make any other verbal or written agreement in reference to any matter pertaining thereto.'

"That article 15 of the by-laws of the defendant company is as follows: 'All applications for insurance must be in writing according to the printed forms prepared by the company. The description of the property and its location must be minute and particular, and the applicant must be responsible for the correctness of the application; and any misrepresentation in reference to said property shall void such policy, and no agreement or representation other than expressed in said application shall be binding upon the company.'

"That an application to the defendant by the plaintiff was made in writing for the issuance of the policy mentioned in the complaint, which said application was duly signed by the plaintiff; that said application contained the following provisions: 'The above statements, notes and by-laws, as printed, shall be the sole basis of this contract for insurance between said company and the insured, and are hereby made a part of this policy, if issued.

" 'Having read or heard read the foregoing application, and fully understanding its contents, I war-

rant it to contain a full and true description and statement of the condition, situation as per diagram, value, occupation and title of the property to be insured in said company, and I warrant the answers to each of the foregoing to be true.'

"That said policy of insurance contained the following provision, to wit: 'This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof.'

"And the defendant further says that in the plaintiff's application for said policy of insurance, the plaintiff falsely stated and represented that the building to be insured was twenty by thirty feet in dimensions, whereas, in truth and in fact, said building was only sixteen by twenty-four feet in dimensions."

The sixth defense contains the same averments as the fifth (so it is claimed by counsel for defendant, and not denied by counsel for appellee), except that in place of the last paragraph relating to the dimensions of the insured building, it is charged:

"And the defendant further says that in the plaintiff's application for said policy of insurance the plaintiff falsely stated and represented that the cash value of the insured building was fifteen hundred dollars; whereas, in truth and in fact, the cash value of said building at the time of said application, and at all times thereafter, did not exceed the sum of two hundred dollars."

In support of error assigned on the ruling of the court sustaining the demurrer to the fifth defense, it is urged (1) that the averments relating to the dimensions of the building state a violation of the warranty by the defendant, that his representation regarding the insured property was true; and (2) state

in effect that his representation regarding its size was a material misrepresentation which, by reason of the terms of the policy, voids it.

There is certainly no merit in the claim that according to the averments of the defense under consideration, plaintiff warranted that his statement regarding the dimensions of the building was true. He warranted that his answers touching the description and statement of the condition, situation, value, occupancy and title of the property were true, but none of these matters referred to the dimensions of the property involved.

The provision of the policy with respect to misrepresentations only goes to those representations made by the insured which are material to the risk. In some instances, perhaps, the mere statement of the misrepresentations alleged to have been made by the insured would be sufficient from which to deduce the legal conclusion that they were material to the risk; but when that is not the case the insured must state the facts from which it is made to appear that the misrepresentation was material. In order that the falsity of a representation in an application for insurance may be a defense to an action on the policy, its subject-matter must be something which the insurer was entitled to know, and which probably influenced it in determining whether it would enter into the contract.—*Travelers' Ins. Co. v. Lampkin*, 5 Col. App. 177; *Dingle v. Trask*, 7 Col. App. 16; *Wheeler v. Dunn*, 13 Colo. 428; *Adams v. Schiffer*, 11 Colo. 15; May Ins., §§ 181-184.

Where a party seeks to avoid a transaction upon the ground that misrepresentations were made to him, it must be made to appear that such misrepresentations were a factor which induced and influenced him to act, so that in defenses of this character it must at least appear in connection with other

essential averments, that the insurer, relying upon the truth of the representations made by the insured, was induced to, and did, enter into a contract of insurance to its injury.   The defense under consideration lacks these essential requisites, for the obvious reason that it does not appear from its averments, or from any conclusion which can be logically deduced therefrom, that the insured was influenced in the slightest degree to issue the policy of insurance to the plaintiff, because of his statements regarding the dimensions of the building, or that it has been injured because of the alleged misrepresentations of the insured in this respect.   The court did not err in sustaining the demurrer to the fifth defense.

According to the averments of the sixth defense, the plaintiff warranted that his answer respecting the value of the property insured was true.   It is charged that he falsely stated the cash value of the insured building to be $1,500, when, in truth and in fact, such value did not exceed the sum of $200.   The statement of value was contained in the application; at least, it is so stated in the defense under consideration; and by the averments of that defense it appears that the application is a part of the contract of insurance.   Where a statement in an application for insurance is a warranty and the application is made a part of the contract, the question of the materiality of such statement does not arise, and no recovery on the policy can be had when it appears that the statement warranted to be true is not true.—*Travelers' Ins. Co. v. Lampkin, supra; Bennett v. Agricultural Ins. Co.,* 50 Conn. 420; *School District v. State Ins. Co.,* 61 Mo. App. 597; *Prudential Ins. Co. v. Hummer,* 36 Colo. 208; *Webb v. Bankers' Life Ins. Co.,* 19 Col. App. 456.

In cases of this character, some facts warranted to be true must be literally so, while with respect to

others there is no breach of the warranty if they are substantially true. This case belongs to the latter class. There is often a marked difference of opinion regarding values of property, and therefore, all that can be required when the issue of the correctness of the statements of the owner of the value of the property insured is involved, is, that it appears to be a fair and reasonably truthful valuation, in so far as over-valuation is concerned. Applying this rule to the present case, it is apparent, from the averments of the defense under consideration, that the valuation of plaintiff was so many times greater than that charged as the true value, that it cannot be regarded as approximately correct, or accounted for upon the theory that he would naturally value the property for all it was worth.

Counsel for plaintiff calls our attention to the fact that from the record it appears the application contains the following language: "The value of the property being estimated by the applicant"; and because of this statement, urges that plaintiff was only asked for, and merely gave, his opinion of the value. It is doubtful, to say the least, if we would be justified in looking elsewhere than to the defense itself for the purpose of determining its sufficiency; but, waiving this question, we do not think the language upon which counsel relies relieves plaintiff from the charge of over-valuation. "Estimate," as defined by Webster, is to "judge and form an opinion of the value of from imperfect data; * * * to fix the worth of roughly or in a general way"; and while it is true that where a party merely estimates the value of an article, considerable latitude must be allowed for discrepancies between his estimate and the real value, nevertheless, where an applicant for insurance estimates the value of the property to be insured, and warrants his statements to be true, he is

required to state the value with a reasonable degree of accuracy, when the question of over-valuation is involved.

A company about to issue a policy of insurance upon a building has the right to be fairly informed by the owner, when requested, as to what the reasonable value of the property is, so that it may be protected from assuming a risk so nearly equal to the actual value of the property insured that the effect might be to cause the owner not to exercise care in protecting his property.   If we were justified in looking outside of the defense itself for the purpose of determining its sufficiency, or if we should consider extrinsic facts for the purpose of ascertaining whether or not the error committed in overruling the demurrer was prejudicial, we might call attention to the fact that although the policy was for $1,000, the jury only returned a verdict for the sum of $725 as the loss sustained by the plaintiff by the total destruction of the building insured.   Counsel for plaintiff urges that the defense does not allege that the plaintiff warranted the value of the building to be $1,500, but merely represented it was of that value.   This contention is based upon the statement of the last paragraph, which is to the effect that plaintiff falsely stated and represented the cash value of the insured premises to be $1,500.   In construing an affirmative defense, the ultimate facts alleged must be determined from the entire defense, and not merely from one or more of the paragraphs thereof.   From the other averments of the defense, which we have assumed to be as counsel for defendant claims, it appears that the application was made a part of the policy, and that in such application the plaintiff warranted that his answer touching the value of the property was true.   So that, construing this defense as a whole, it appears that there was a

breach of the warranty in this respect, because it is charged that in the application the plaintiff falsely stated and represented the cash value of the insured building was $1,500, when in truth and in fact, it did not exceed the sum of $200.

Counsel for plaintiff also contends that the defense under consideration is insufficient because it does not allege that the company has repaid the premium or any part thereof to the insured. The company is not seeking to rescind its contract of insurance, but to avoid liability thereon because of the fraud of the insured. Where a policy by its terms is void by reason of fraud on the part of the insured, the premium cannot be recovered back.—*Aetna L. I. Co. v. Hall,* 10 Ill. App. 431; *Freismuth v. Agawan M. F. I. Co.,* 64 Mass. 588.

The demurrer to the sixth defense should not have been sustained.

By the third defense it was alleged that the policy contained the following provision:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has, or shall hereafter make or procure any other contract of insurance, whether valid or not, on the property covered in whole or in part by this policy."

It is then charged that at no time was any agreement whatsoever respecting other insurance indorsed on or added to the policy. It is further alleged in substance that plaintiff, since the issuance of the policy by defendant, procured another contract of insurance in the sum of five hundred dollars on the same property, and that he had not given it any notice whatsoever that he had procured such contract of insurance. Plaintiff has assigned as cross-error the action of the court in overruling the demurrer to this defense, and further contends the evidence dis-

closes that the policy issued, which the defendant claims voided the policy, issued by it, never took effect.  Counsel for defendant insists that this contention is immaterial, because the provision in the policy upon which it relies specially provides that procuring any other contract of insurance on the property covered by its policy renders it void.

The crucial question is whether there was an assumption of risk by the company which it is claimed issued the second policy, and what insured understood regarding such risk.  According to the testimony, plaintiff applied to Mr. Coon for additional insurance in the Mercantile Fire & Marine Insurance Company of Boston.  This application was made subsequent to the issuance of the policy by defendant.  Mr. Coon testifies, in substance, that plaintiff applied to him for additional insurance; that he did not remember definitely what was said as to when the policy representing such insurance should go into effect; that he thought it was his intention that it should not take effect until he heard from the company; that his recollection was that he said he did not know whether the company would accept the risk, and that he would send on the policy for its approval; that he did not extend any credit to Mr. Duncan for the premium, and that Duncan did not pay the premium at that time; that he kept the policy in his office, and sent the report to the company at St. Louis, and in due course of business an order was received cancelling it.  Plaintiff testified in substance that he applied to Coon for a $500 risk in the Mercantile company; that Coon filled out the policy and placed it in his desk, and said it would not go into effect until he was so advised by the company; that he did not pay any premium to Mr. Coon, the latter saying that it was not necessary as there would be no risk until he

was advised by the company that the risk was accepted.

From these statements it clearly appears that no risk was assumed by the Mercantile Fire & Marine Insurance Company; that there was no attempt on the part of the agent to make any arrangement which would bind the company until he had advised with those in authority over him; and that the plaintiff understood that the policy written by the agent should not take effect until approved by the company. The requirement in a policy that other insurance covering the same property must be assented to in writing and indorsed on the policy is valid; but that provision is not violated when it appears that the company to which application for additional insurance was made, as well as the owner, understood that no risk was ever assumed by the former.

The seventh defense appears to be based upon a violation of the vacancy permit clause contained in the policy. This clause is as follows:

"If any building becomes and remains vacant for five days, the policy thereupon shall become void, unless continued by consent of the company. It shall be the duty of any owner of any building or buildings insured by this company, in case such building shall become vacant, to report the same to the secretary at the home office within five days of such occurrence, and as often as every ten days thereafter during said vacancy. Any failure to make such report shall render his policy void."

It is also alleged in effect that on the 12th day of September, 1903, the company issued the plaintiff a permit that the building insured might remain vacant for a period of thirty days from that date; that on the 27th day of October following, a second vacancy permit was issued, allowing the building to remain, vacant for the period of sixty days from that date;

and that at no time during the period the building was vacant did plaintiff make any report thereof to the company. It is further alleged that the building was vacant from June 1, 1903, until September 12th following, and that no reports of such vacancy were made to the company during that period. The evidence discloses that the building was vacant from June 1st, as alleged; that no permit for such vacancy was issued by the company; that the plaintiff at no time reported to the company that the building was vacant; and that from October 12th to the 27th it was vacant without any permit. It also appears from the testimony, which is undisputed, that a representative of plaintiff called on Mr. Coon, the agent of the defendant, and directed his attention to the fact that the vacancy permit issued on September 12th had expired, and requested that a permit be issued allowing the premises to remain vacant for the period of sixty days. Evidently this conversation with Mr. Coon took place after the September 12th permit had expired. As a result of the request then made, the permit dated October 27th was issued. The evidence discloses that the company was not aware of the vacancy of the building from June 1st to September 12th until after the loss occurred. On this record counsel for the company contend that the vacancy of the building from June 1st to September 12th, and the failure of the plaintiff to notify the company each ten days of such vacancy, as well as the failure to notify the company that the building was vacant during the period for which vacancy permits had been granted, rendered the policy void.

When a clause in a contract of insurance is susceptible of two constructions, that one will be adopted which is most favorable to the assured.—*German Ins. Co. v. Hayden*, 21 Colo. 127; *Strauss v. Phoenix Ins. Co.*, 9 Col. App. 386.

The clause in the policy regarding vacancies is somewhat ambiguous, but we think a fair construction of it is, that notice to the company of vacancy of the insured building is only to be given when no permit for vacancy has been issued by the company. The clause under consideration recites, in effect, that if the building insured remains vacant for five days, the policy shall become void unless continued by consent of the company, and in case such building becomes vacant, the duty is imposed upon the insured to report the same to the company within five days of such occurrence, and as often as every ten days thereafter during such vacancy. The evident purpose of this provision is to advise the company that the building is vacant; but where a permit has been issued by the company, allowing the building to remain vacant for a specified period, no such notice is required, because the company is advised of the vacancy and has assented that it may remain vacant, for the period for which a permit has been granted. We think that the language of the permits issued by the company in this case and incorporated in the defense under consideration, clearly indicates such to have been the construction given the clause relating to vacancies. They recite, in effect, that permission is granted the assured that the building may remain vacant for the respective periods specified, without prejudice to the insured, except that during the vacancies the amount of insurance is reduced one-third. Nothing is said therein that notice each ten days during the period for which the permits were issued must be given the company.

Our conclusion regarding the construction of the provision under consideration is further strengthened by the fact that, according to the averments of the defense, no reports were made by the insured relative to the building being vacant for the period

covered by the permit issued September 12th; and yet, without objection, the company issued a further vacancy permit on October 27th.   So far as the argument of counsel for defendant is concerned, we are unable to find that any question regarding the effect of the premises being vacant from June 1st to September 12th following was submitted to the trial judge for determination.   The province of this court is to review the action of the trial court, and not its nonaction.

An instruction was asked by defendant to the effect that if the jury found from the evidence that the plaintiff did not, during the period for which a permit for the insured premises to remain vacant had been issued, report such vacancy to the company every ten days the premises remained vacant after the issuance of such permit, the verdict should be for the defendant, was refused.   There was no error in this refusal, for the reasons already given.

An instruction on behalf of the defendant was requested, to the effect that if it appeared the insured premises were vacant and unoccupied for five consecutive days between October 12th and the 27th, without the consent of the company, that the policy was void.   This was refused.   The refusal was not error.   It appears that the company, with full knowledge that the building had been vacant during the period covered by the instruction, issued a further permit.   Such action was a waiver of whatever rights it might have had under the clause of the policy above quoted, for the vacancy between October 12th and October 27th.

Error is also assigned upon the action of the court in not instructing the jury on the question of vacancy.   Mere nondirection is not reversible error, unless a specific instruction, good in point of law, covering the omission was requested and refused.

No correct request covering the alleged omission was made of the trial court.

The substance of the fourth defense is that in the written application of plaintiff it was stated that he had a ninety-nine-year lease on the ground on which the insured building was located, which statement, it is alleged, was not true, in that plaintiff did not have a lease upon such ground for any period of time at all. The proof shows that the ground upon which the building was situated belonged to the Adit mining company, and that he would be compelled to remove it at the pleasure of the company, but that this right of the company would not be exercised unless the ground was needed for mining purposes, and that the necessity for such use was exceedingly remote. According to the further averments of the defense under consideration, it appears that appellant warranted the title to the property insured to be as represented in his application, and the company therefore claims that under the proofs the policy was void, because of its provisions that misrepresentation regarding the title would have this effect. The evidence discloses, practically without dispute, that plaintiff talked with Mr. Coon, the representative of the defendant company, regarding his title to the insured premises, and informed him that he had no written lease but, under his arrangement with the company owning the ground upon which the building was situated, he had a right to such ground so long as the company did not desire to use it for mining purposes, and that from this information he and the agent concluded that his title was the equivalent of a ninety-nine-year lease. It thus appears that the agent of the company had full knowledge of the condition of the title to the ground, and having issued the policy with such knowledge, the condition therein avoiding the policy if the title to the property insured was not

as represented, was waived.—*American Central Ins. Co. v. Donlon*, 16 Col. App. 416; *State Ins. Co. v. Dubois*, 7 Col. App. 214; *Ins. Co. v. Wilkinson*, 13 Wall. 222; *Eames v. Home Ins. Co.*, 94 U. S. 621.

Knowledge of the status of title to property insured and the statements·of the assured regarding the title are necessary for the protection of insurance companies, so that they may reduce the temptation to incendiarism to a minimum, and also prevent the owner from being careless with respect to losses occasioned by fire.   But where, as in this instance, the company, through its agent, has full knowledge relating to the title of the insured premises, and concludes from the information obtained from the owner, which is correct, that his title is equivalent to a ninety-nine-year lease, and so writes·it in the application, the company will not be permitted to say that such statements were false.   The policy contained the following clause:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added·thereto, shall be void   *   *   *   if the subject of insurance be a building on ground not owned by the insured in fee simple."

The second defense interposed by the defendant was based upon this clause.   An instruction on behalf of the defendant, to the effect that if it appeared from the testimony that at the time of the issuance of the policy in suit, the ground upon which the insured building was situate was not owned by the plaintiff in fee simple, the verdict must be for the defendant, was refused.   There was no error in this refusal. The company was as much bound by the provision in the by-laws that the application, by-laws and policy should constitute the entire contract between it and the insured, as was the latter.   The application stated that the title of plaintiff was a ninety-nine-year lease,

and the company was bound to take notice of what this application disclosed regarding plaintiff's title; and it is, therefore, estopped from claiming the benefit of any clause in the policy regarding the title of plaintiff which provided, that it was to be different from that which he had stated in his application.

We do not deem it necessary to notice in detail other errors assigned by appellant, nor do we regard it as necessary to consider further than we have the cross-errors assigned on behalf of the appellee.

For the error of the court in sustaining the demurrer to the sixth defense, the judgment of the district court is reversed and the cause remanded for a new trial.       *Reversed and remanded.*

Mr. Justice Campbell and Mr. Justice Bailey concur.