KITTIE A. CLARK, Respondent, v. MODERN
WOODMEN OF AMERICA, Appellant.

Kansas City Court of Appeals, April 7, 1913.

BENEFIT CERTIFICATE: Prohibited Business: Forfeiture. Not-
withstanding a benefit certificate of insurance and the by-laws
of the society provide that the certificate shall be forfeited if
the assured thereafter engages in the sale of intoxicating
liquors, yet, if the application is made a part of the certificate
and such application contains a provision that the indemnity
will not be paid for "death resulting from occupations prohibited
by its by-laws," the assured is justified in assuming that there
will be no forfeiture by his engaging in the liquor business,
unless his death results from such business.

Appeal from Adair Circuit Court.—*Hon. Nat. M.
Shelton,* Judge.

AFFIRMED.

*Benj. D. Smith* and *Bailey & Hart* for appellant.

(1) Where there is a conflict between the appli-
cation and the benefit certificate the benefit certifi-
cate controls. Niblack on Benefit Societies (2 Ed.)
273, sec. 138; Thomas v. Leake, 67 Texas, 469, 3 S. W.
703; 29 Cyc. 65; McDermott v. Modern Woodmen of
America, 97 Mo. App. 636; Pauley v. Modern Wood-
men of America, 113 Mo. App. 473; Loyd v. Modern
Woodmen, 113 Mo. App. 19; Gallop v. Royal Neigh-
bors, 150 S. W. 1118. (2) Where the by-laws of the
society render the benefit certificate void in case the
member engages in the sale of liquors, this provision
is good and so engaging in such business renders the
benefit certificate void. Pauley v. Modern Woodmen
of America, 113 Mo. App. 473. (3) The parties must
abide by the contract as made; courts cannot make a
contract for them. Machine Co. v. Bobbst, 56 Mo.

App. 427; Thornton v. Royce, 56 Mo. App. 179; Beatie v. Coal Co., 56 Mo. App. 221.

*Campbell & Ellison* and *Weatherby & Frank* for respondent.

ELLISON, J.—Plaintiff is the widow of W. H. Clark, deceased, and the beneficiary in a benefit certificate issued to him by the defendant society. On refusal to pay, she instituted this action and recovered judgment in the circuit court.

After the certificate was issued deceased became engaged in the business of a dramshop keeper and so continued to the day of his death. But it is conceded that his death did not result from such occupation. He stated in his application that he was not directly or indirectly engaged in the liquor business and he agreed not to engage in such business. The certificate itself provided that it would become null and void if he engaged in the sale of liquors. The by-laws of the society were made a part of the contract and one of those prohibited intoxicating liquor business on pain of forfeiting the certificate.

But the application contained this further statement: "I further understand and agree that this society does not indemnify against death resulting from occupations prohibited by its by-laws." Notwithstanding defendant's effort to distinguish this case from that of Mathews v. Modern Woodmen, 236 Mo. 326, we can see no ground to rest a distinction upon. Notwithstanding forfeiture provisions in the Mathews case as in this, there was in that case, as in this, the statement last above quoted, that indemnity did not cover instances where death *resulted from forbidden occupations*. The conclusion reached in that case was that notwithstanding the forfeiture provisions, yet the whole contract was to the taken together, and that the clause last quoted justified the deceased and the

courts in interpreting the contract to mean no forfeiture by reason of engaging in the prohibited occupation *unless* it caused his death.

There is no ground with a semblance of reason back of it, upon which to distinguish the Mathews case from the one at bar. Defendant urges that the amended by-law of 1897, in force when the present certificate was issued in 1900, and not being in force when the Mathews certificate was taken out in 1895, makes a difference. But manifestly that amendment did not change the prohibition on the forbidden business. It was forbidden and forfeiture provided for violation before that amendment as well as after it. A denial of plaintiff's right of recovery in this case can only be had by a total disregard of the Mathews case. Hence we affirm the judgment. All concur.