[No. 8639.]

KNIGHTS AND LADIES OF SECURITY V. CONSIDINE ET AL.

1. LIFE INSURANCE—*False Statements in Application,* material to the risk, defeat an action for the insurance money. (477.)

2. APPEAL AND ERROR—*Judgment.* The plaintiffs claim being manifestly without support in the evidence, a judgment in their favor was reversed, and the court below directed to dismiss the action. (477.)

*Error to Lake District Court.* Hon. CHARLES CAVENDER, Judge.

Mr. JOHN A. EWING and Mr. MICHAEL F. RYAN, for plaintiff in error.

Messrs. HOGAN & BONNER, for defendants in error.

Mr. Justice SCOTT delivered the opinion of the court.

This is an action to recover on a fraternal beneficiary certificate issued by the plaintiff in error, on the life of John J. Considine, a young man of twenty years of age.

The complaint alleges that the beneficiary certificate issued March 26, 1914, to John J. Considine, payable at his death to his father and mother, the defendants in error herein, in the sum of one thousand dollars ($1,000.00) ; that John J. Considine, the insured, died on May 22, 1914, while in good standing, and that all the terms of the contract were complied with.

The defendant society, in its answer, sets up a plea of general denial, and special pleas setting out that the statements and answers in the application signed by the insured were false and untrue, and that the insured had falsely stated, and warranted the statements to be true, that he was then of sound body, mind and health and free from disease or injury, while in fact he was afflicted with brain disease, epilepsy, diseases of abdominal organs, fits and convulsions and stomach trouble; that the insured warranted that he had not within the past five years consulted or been treated by any physician for illness, disease or injury, while

in fact he had consulted and had been treated by several physicians within the last five years for epilepsy, fits and convulsions, stomach trouble, and for personal injuries; that the insured falsely stated that he had never received a personal injury, while in fact he received a serious personal injury in July 1912; that the insured falsely stated that he had never been confined to the house by illness, while in fact he had been confined to the house by illness in January, 1914; that the insured falsely stated that he had never undergone a surgical operation for an injury to his head; that the insured falsely stated that he was in sound physical and mental condition, and a fit subject for life insurance, when in fact he was not in sound physical or mental condition, and was not a fit subject for life insurance; that the insured procured the policy of insurance by false representations; that the insured's answer to the questions propounded to him by the medical examiner were false and untrue, and a breach of the warranties in the application and policy of insurance, because the answers and statements were not true, full or correct, but were untruthful and incorrect, and by reason thereof said policy was wholly void.

The cause was tried to the court without a jury and judgment rendered for plaintiffs. The specific questions and answers in the application relied on by the defendant below, were as follows:

"Q.   Have you now or have you ever had or has any physician ever treated you for or advised you that you had any of the following named diseases or symptoms of diseases of the following named organs: abdominal; brain disease; dyspepsia; epilepsy; fits or convulsions; indigestion; or have you ever had a personal injury?   A.   No."

"Q.   Have you either consulted or been treated by a physician or surgeon within the past five years for any illness, disease or injury; if so, give name and address of each and full particulars?   A.   No."

"Q. Have you undergone any surgical operation or have you any bodily malformation or weakness? A. No."

"Q. When and for what were you last confined to the house. A. Nothing."

"I hereby certify that I am temperate in my habits and in sound physical and mental condition and a fit subject for life insurance."

The application contained the following warranty:

"I hereby declare that the foregoing answers and statements and the answers and statements to the questions propounded to me by the medical examiner are warranted to be true, full and correct, and I acknowledge and agree that the said answers and statements with this application shall form the basis of my agreement with the order and constitute a warranty. I hereby make my medical examination a part of this application and agree that this application and medical examination shall be considered a part of my beneficiary certificate.

There is no conflict in the testimony. Aside from the testimony of the young man's father, which in no way conflicts with other testimony, the only evidence was by physicians and surgeons. Three physicians and surgeons testify in substance, that each had treated the insured; that in 1912 he was injured by a blow on the head with a hammer; that this caused headache and convulsions, which they diagnosed as epilepsy, from which he continually suffered. He was treated for this affliction several times in January, 1914, or within a few weeks of the date of his application.

The testimony shows two separate surgical operations and upon each occasion a piece of bone was removed. The last operation was for the purpose of relieving the pressure upon the brain in the effort to secure relief from epilepsy. This undisputed testimony establishes the falsity of the answers to the questions above set forth, and that the insured knew them to be false at the time.

The examining physician had not treated the insured,

knew nothing of his injury or condition prior thereto, and relied solely on his answers. Under this undisputed testimony the plaintiffs were not entitled to recover. The answers of the insured, in every respect vital in his application, were palpably untrue and constitute fraud in fact. Citation of authorities is unnecessary.

It is contended that the insured did not read the application and answers either before or after he signed it. But he did not ask to do so, nor is it suggested that he was in any way prevented from so doing. The facts in this respect correspond precisely to those in the case of *Sun Fire Office v. Wich,* 6 Colo. App. 103, 39 Pac. 587, where it is said:

"There is no claim that appellee was uneducated and illiterate,—the reverse appears from his own evidence,—nor was there any attempt to show fraud or imposition in obtaining the paper. True, the paper was filled by the other party. It was unimportant who did the clerical work. It was executed and adopted by appellee. If he failed, as he testifies, to read it, his failure to do so cannot be imputed to the other party."

The judgment is reversed with instruction to enter judgment for the defendant below.

GABBERT, C. J., and GARRIGUES, J., concur.

Decided May 1, A. D. 1916. Rehearing denied July 3, A. D. 1916.