No. 10,553.

SECURITY BENEFIT ASSOCIATION *v.* HENNING.

Decided January 7, 1924.

Action on a fraternal association certificate of insurance. Judgment for plaintiff.

## *Reversed.*

1. APPEAL AND ERROR—*Pleading.* There is no error in striking from a pleading indefinite and ambiguous allegations.

2. INSURANCE—*Fraternal Organizations—Prohibited Occupations—Pleading.* An insurance organization has a right to designate prohibited risks, and to forfeit the rights of all members engaged in prohibited occupations. Held, prejudicial error to strike from the answer, in an action on a benefit certificate, an allegation that the assured, unknown to the defendant at the time of the application, was engaged in an occupation prohibited by the association.

3. *Application—False Statements.* Willful and deliberate false statements by an assured in his application for life insurance, voids the contract of insurance at its very inception, and there can be no recovery under such a contract.

4. *Life Certificate—Fraud—Return of Premiums.* Where a policy by its terms is void by reason of fraud on the part of the assured, it is not necessary that the company return or repay the dues or premiums when denying liability.

5. FORFEITURES—*Not Favored.* Forfeitures are not favored either in a court of law or equity.

6. INSURANCE—*Presumption of Death—Pleading.* In an action on a life certificate, it is held there was no error in striking from the answer a paragraph which set up a provision of the by-laws of the association, that disappearance or long continued absence of a member unheard of, should not be regarded as evidence of death or give a right of recovery, the by-law having been passed after the issuance of the certificate.

*Error to the District Court of the City and County of Denver, Hon. Neil F. Graham, Judge.*

Mr. WILLIAM H. WADLEY, for plaintiff in error.

Mr. EDWIN N. BURDICK, Mr. CLARENCE O. MOORE, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE defendant, a fraternal benefit society, issued to Fritz Henning, on his application therefor, its beneficiary certificate or policy of insurance in the sum of $1,000, payable to his wife at his death. This action is by the beneficiary who, in her complaint, alleges the death of the applicant and other matters showing a right of recovery. She had judgment below and the defendant is here asking a reversal.

We shall not discuss all of the errors assigned because they are not fully presented by the printed abstract of record, but prejudicial errors, clearly appearing from the abstract, of themselves require a reversal, and we withhold opinion upon such other assignments, as the facts may not be the same on another trial. It is not inappropriate to observe that possibly some record obscurities, and, at least, some of the erroneous rulings made by the judge who presided at the trial, are due to the fact that one judge settled the pleadings, and another judge, who conducted the trial on the merits, following the usual practice in this district, accepted these former rulings as controlling and made his rulings conform thereto.

1.  It was not error of the court to strike from the defendant's answer the seventh paragraph. It alleged, in general terms, that the constitution and laws of the association contained various provisions, without stating what they were, that established, limited and governed the relations, to the parent society and its members, of the respective subordinate councils of the order, and its officers and members, and defined and limited the liability of the defendant in respect of anything done by any subordinate council or its respective officers or members. Just what

these allegations mean it is not easy, if not impossible, to say, but if the object was to show a breach or violation by plaintiff of any provision applicable to him, there was a failure to allege it. Besides, the defendant could not have been prejudiced by the striking of these indefinite and ambiguous allegations, because in other parts of the answer the real defenses to the action were more aptly pleaded.

2. The trial court committed prejudicial error in striking from the answer paragraph nine, reading:

"9. Alleges that at the time of his said application, the said Fritz Henning was and for some years thereafter was, unknown to this defendant and its predecessor, a bar tender and engaged in one or more of the prohibited occupations set forth in the law heretofore recited and endorsed upon the application for said Benefit Certificate, by reason whereof all rights and benefits arising to the said Fritz Henning and his beneficiary became and are forfeited and annulled; that such nature of the occupation of said Henning was unknown to defendant and its predecessor until disclosed by its investigations made in connection with the pending suit; and that upon such disclosure being made the defendant immediately returned to said plaintiff the dues or premiums forwarded by the local officer of the Subordinate Council received subsequent to such disclosure and directed that no further dues or premiums on account of said policy should be accepted."

Section 107 of the laws of the society, set forth in the answer and not denied, prohibits a member or certificate holder from engaging in the occupation of a saloon keeper or bar tender, that is, keeping a saloon or tending bar is in the prohibited class of risks, and no subordinate council could receive into, or retain in its beneficiary or social membership persons engaged therein. This section also expressly declared that if any certificate holder was, at the time of the application, or thereafter became, engaged in any such business his certificate *ipso facto* was cancelled and annulled and all rights thereunder forfeited. The association had the right to determine to what persons it

should, and to what persons it should not, issue certificates. It had the right to designate prohibited risks, and to forfeit the rights of all members who engaged in the prohibited occupations.  If the defendant was, as paragraph nine alleges, engaged in the prohibited occupation at the time of his application, he certainly must have known it, and his answer to one of the questions propounded, that he was not engaged in such occupation, must have been wilfully and deliberately false and it voided the contract at its very inception.

Plaintiff's counsel, conceding, for the sake of argument, that when Henning made his application for membership, he was, or thereafter became, engaged in a prohibited occupation, contends, nevertheless, and he has no other avenue of escape from the consequences of the applicant's fraud, that this does not bar a recovery, or operate as a cancellation of the contract for fraud, because there is no averment or proof that engaging in such occupation resulted in, or contributed to, his death.

Another claim is that Henning could not well have been engaged in this prohibited occupation for at least four years immediately prior to the beginning of the action, in view of the federal and state legislation upon the subject of intoxicating liquors.  We think the argument is fallacious and not based upon reason or authority.

The Supreme Court of Indiana, in *Commercial Life Ins. Co. v. Schroyer,* 176 Ind. 654, 95 N. E. 1004, Ann. Cas. 1914A, 968, an action by the beneficiary to recover on a policy of insurance on the death of the insured, said that if the insurer, to defeat recovery, elects to declare a policy void and interposes such a defense, it must plead and prove a return of the premiums received as one of the necessary steps in making the election to rescind.  In the dissenting opinion in that case it is pointed out that the Supreme Court of Colorado, in *National Mutual Fire Ins. Co. v. Duncan,* 44 Colo. 472, 480, 98 Pac. 634, 20 L. R. A. (N. S.) 340, decided to the contrary and held that in such circumstances it is not necessary to return or repay the dues or premiums.

See also, *Modern Woodmen of America v. International Trust Co.*, 25 Colo. App. 26, 50, 136 Pac. 806.

In *Clark v. Modern Woodmen of America*, 170 Mo. App. 210, 156 S. W. 72, the court said that the forfeiture provision, like the one here, does not prevent a recovery on the policy, unless the death of the insured resulted from the forbidden occupation. That decision was based upon provisions of a statute, which we do not have, which the Missouri Court of Appeals said required such a decision. Forfeitures are not favored, either in a court of law or equity, but where, as the stricken part of the answer in this case alleges, an applicant for a policy deliberately and wilfully misrepresents the occupation in which he is then engaged, and warrants his statement to be true, and he is, as matter of fact, then engaged in a prohibited occupation, courts can do nothing less than enforce the contract, which declares that a certificate issued on the strength of such false representation is void, imposes no liability on the insurer, and defeats a recovery by the beneficiary.

But if the law were otherwise, and it was the duty of this insurer to return all dues and premiums paid when it elected to void the policy or certificate, and defeat such recovery, on the ground that the certificate was procured by fraudulent statements of the applicant, paragraph nine of the answer alleges that the defendant, immediately upon receipt of knowledge of the fraud, returned to the plaintiff the dues or premiums that had been paid, and directed that no further dues or premiums should be accepted. That there could be no recovery where there has been such wilfull and intentionally false statements, see *Knights and Ladies of Security v. Considine*, 61 Colo. 474, 477, 158 Pac. 282; *Supreme Tribe of Ben Hur v. York*, 70 Colo. 175, 177, 197 Pac. 1012; *Erickson v. Knights of the Maccabees*, 71 Colo. 9, 12, 203 Pac. 674; *Northwestern Mutual Life Ins. Co. v. Farnsworth*, 60 Colo. 324, 338, 153 Pac. 699. In *Holland v. Supreme Council, etc.*, 54 N. J. L. 490, 495, 25 Atl. 367, the court held that misrepresentation by the applicant

that he was not a bartender, when, in fact, he was, voided the contract of insurance.

The defendant in error cites *Zeman v. North American Union*, 263 Ill. 304, 105 N. E. 22, as holding that forfeiture does not apply where a member had retired from a prohibited occupation months before his death. We find nothing in the opinion in that case so holding. The court in that case did hold that there might be a waiver of the right to forfeit the policy where the insured engaged in a prohibited occupation if, with full knowledge of the facts, the company accepted payment of dues and treated the contract as in force. There is no such plea in this case, and no such evidence.

For these reasons the judgment must be reversed. In view of another trial it is proper to say, for the guidance of the trial court, that if instruction No. 3 given by the court, is the only instruction upon the effect of the proof as to the disappearance of the defendant, it does not conform to the applicable law as laid down by this court in *New York Life Ins. Co. v. Holck*, 59 Colo. 416, 151 Pac. 916, and in the White Case below. The abstract does not purport to contain all the instructions given and it may be that a supplemental or an additional instruction on this subject was given.

3. There was no error of the court in striking from the answer paragraph' six, which set up section 86(a) of the laws of the society, which declares that disappearance or long continued absence of any member unheard of, shall not be regarded as evidence of death or give any right to recover on a benefit certificate. That law or by-law was passed after this certificate was issued, and this court, in *Modern Woodmen of America v. White*, 70 Colo. 207, 199 Pac. 965, 17 A. L. R. 393, has held that such a by-law, passed after the issuing of a certificate, is unreasonable.

For the prejudicial errors committed, as above stated, the judgment is reversed and the cause remanded for a new trial.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR concur.