CABALLERO & BASUALDO, for use, &c., *v.* HOME MUTUAL INSURANCE Co.

It is the proximate, and not the remote cause of the loss, which is to be regarded in order to ascertain whether the loss is covered by a policy of insurance.

Where a fire occurs upon the premises insured, by which an explosion of gun-powder takes place, the insurer is responsible for the loss which is the direct consequence of the combustion.

Where the fire did not happen at the premises insured, but broke out in a building about two hundred feet distant, causing the explosion of gun-powder, which by the concussion of the air injured the building insured against fire—*Held :* That such a loss could not have been within the reasonable intendment of the parties, and was not covered by the policy.

APPEAL from the Fifth District Court of New Orleans, *Eggleston,* J.

*C. Dufour,* for plaintiffs. *Bonford, Singleton & Clack,* for defendants and appellants.

MERRICK, C. J. The defendant covenanted in a fire policy to make good to the plaintiffs all such loss or damage as should happen by fire to a two story brick slated store on Elizabeth Street, in Brownsville, Texas, during the period of one year.

A fire broke out in a building about one hundred and eighty or two hundred feet distant, which contained a quantity of gun-powder. In about thirty minutes, the gun-powder exploded. The explosion of the gun-powder produced such a concussion of the air and earth as to crack the walls of the building and brick arches, drive in the windows and blinds, loosen the plastering and slates, and in fine, injure the building to the amount of nine hundred and fifty dollars.

The fire continued in Brownsville for forty-eight hours, but did not reach the building in question, the same being entirely unharmed, except from said concussion.

The case, therefore, presents one of those difficult questions to solve, arising from the maxim that it is the proximate, and not the remote cause of the loss, which is to be regarded, in order to ascertain whether the loss is covered by the policy.

It seems to be well settled, that where a fire occurs upon the premises insured, by which an explosion of gun-powder takes place, the insurer is responsible, on the ground that the loss is the direct consequence of the combustion. See *Scripture* v. *Lowell Mutual Ins. Company,* 10 Cushing's Rep., 356 ; 11 Peters, 225. Parsons' Mercantile Law, 527.

So where a building has been blown up, or goods are injured by water, in order to prevent the spread of the conflagration, the insured is held responsible if they would otherwise have been destroyed by the fire.

So too, where the policy compels the assured to labor for the protection of the goods, and they are injured or stolen in their removal to avoid the fire. 1 Bouvier Inst., 503.

But these cases are not entirely analogous. For in each case, the property was in the immediate danger of the fire, and would have been lost had not means been taken to arrest the flames, or avoid their effects.

In the case at bar, the store was not in any danger from the fire, and the instant the concussion of the air took place, all danger was over.

If now the question were to be asked any one unacquainted with the law of insurance, whether an injury could be considered as occasioned by fire, where it

28

CABELLERO
v.
HOME MU. INS CO

had only been effected by the air put in motion by an explosion of gun-powder and the fire itself had not touched the building? We think the answer would be, no; because the insurance company only bound itself to answer for damage done by the element of fire, and not for injury done by any other element.

But it is replied by the jurist, that the law looks upon the question in a different light. It seeks for the first *efficient cause* of the loss, and that is the *causa proxima*, however many other agencies may have intervened.

Here, there would have been no concussion of the air, without the explosion of gun-powder, and the gun-powder would not have exploded without taking fire and producing instantaneous combustion by which gases were evolved and expanded which set the air in motion.

But the question might then be put, was the policy really intended to cover a loss by this sort of combustion which does not consume the building, and leaves scarcely a trace of the element of fire, and produces its effect by the action of gaseous matter and the agency of another element, viz, that of air?

If so, would not an accident like that which happened in Delaware some years since render the fire insurance companies liable?

There, a dray load of gun-powder, from some unknown cause, perhaps the cigar of the drayman, exploded in the street or highway, producing a prodigious concussion of the air, and doing great injury to the buildings in the neighborhood. Would this be a loss within any policy of fire insurance?

Suppose a loaded cannon should accidentally ignite and explode in the neighborhood of buildings, and do injury both by a concussion of the air and the fragments which were hurled from it: would the insurance company be responsible? For here again is combustion by fire as in the other cases of explosion of gun-powder.

These examples show how difficult it is to make a satisfactory application of the best rules which courts of justice have been able to devise on the subject of insurance.

Perhaps, after all, it might be safe here, as in other contracts, to inquire whether the loss was within the reasonable intendment of the parties when they made the contract. Did they intend, by an insurance against fire, to cover losses arising from the concussion of the air produced by the explosion of gun-powder on the premises of other persons than the insured?

We think such an extraordinary result could not have been contemplated by the parties. We do not think insurance companies can be considered responsible for the consequences of the combustion of gun-powder, unless that combustion has happened in the premises insured, or the gun-powder is itself, with other merchandize, covered by the policy.

Judgment reversed, and rendered in favor of defendant, with costs of both courts.

LAND, J., dissenting. Mr. Phillips, in his work on Insurance, in treating of the question, " whether the underwriters are liable for loss by fire, where the loss is occasioned or the subject is destroyed thereby, without its being actually burnt," says :

" The maxim *causa proxima spectatur*, affords no help in these cases, but is in fact fallacious; for if two causes conspire, and one must be chosen, the more scientific inquiry seems to be, whether one is not the *efficient cause*, and the other merely instrumental, or merely incidental, and *not which is nearest in place, or time*, to the consummation of the catastrophe." § 1097.

He further says : " The common place maxim, that in cases of doubt to which of two or more perils the loss is to be assigned, *causa proxima non remota specta-* *tur,* has been not unfrequently resorted to, by which was meant, originally at least, that a loss is to be attributed to the peril in activity at the time of the ultimate catastrophe, when the loss is consummated. But much of the jurisprudence is contradictory to the maxim taken in this sense, and it seems to have served rather to divert attention from the proper inquiry, and to becloud instead of elucidating the subject. I understand the result of the jurisprudence to be, that, in case of the concurrence of different causes, to one of which it is necessary to attribute the loss, it is to be attributed to the *efficient predominating* peril, whether it is or is not *in activity* at the consummation of the disaster." ⅋1132.

Upon the principle above stated, it has been held that underwriters are liable for damage by water thrown upon goods to extinguish a fire, and for loss by plunder of goods removed away from the fire, and for the loss of a building blown up by gun-powder and demolished to arrest the spread of a conflagration, which would soon have destroyed it. In these cases, the "*water,*" the "*plunder,*" and the "*explosion,*" were, in point of fact, *the proximate causes of the loss,* but were held to be *merely incidental to the fire.* And upon the principle of these cases, I think, the underwriters are liable ; for the explosion of the gun-powder was but an *incident* to the *fire, which was the efficient predominating cause* of the loss, and it was so held by the Supreme Court of the United States in the case of *Waters* v. *Merchants' Louisville Ins. Co.,* 11 Peters, 213.

The fire in question was a conflagration, and was a peril insured against in the sense of the policy, which contains *no stipulation* that the fire should be upon the premises of the assured, as a *condition precedent,* to the liability of the underwriters, for the loss. And to hold that the liability does not attach, because the fire was not upon the premises, is in effect to make a new contract for the parties.

If the assured has sustained a loss by a peril insured against, the particular locality of the peril is in principle immaterial ; for the peril and the loss entered directly into the consideration of the parties at the time of making the contract of indemnity, and the consequences are the same to the assured, whether the peril *was in activity on his own premises,* or on those of his neighbor, and they should be the same to the underwriters, in the absence of a stipulation to the contrary.

In my opinion, the judgment of the lower court should be affirmed.

BUCHANAN, J., concurred in the above opinion.