JONES and another, Appellants, ·vs. METROPOLITAN CASU-
ALTY INSURANCE COMPANY, Respondent.

*October 29—November 15, 1910.*

*Insurance: Plate glass: Exception of loss "resulting directly or indi-
rectly from fire."*

1. A contractual negation of liability for damage caused directly or
   indirectly by a specified element presents a different ·question
   from that presented in an investigation concerning the legal or
   proximate cause of an injury.
2. A provision in an insurance policy that the insurer shall not be
   liable for any loss or damage resulting directly or indirectly
   from fire includes all damage of which fire is a proximate cause
   or a principal cause or a link in the chain of causation or an
   indirect cause or any cause which the law would recognize as
   such.
3. Where plate glass was insured under a policy containing the
   above provision and an incendiary fire in a distant building con-
   taining dynamite caused the dynamite to explode and the con-
   cussion of this explosion broke the glass, the breakage resulted
   directly or indirectly from the fire and the insurer is not liable.

APPEAL from a judgment of the circuit court for Vilas
county: A. H. REID, Circuit Judge. *Affirmed.*

For the appellants the cause was submitted on the brief of
*Smart, Van Doren & Curtis.* They cited, among other au-
thorities, *Thurston v. Burnett & B. D. F. Mut. F. Ins. Co.*
98 Wis. 476, 74 N. W. 131; *Bakalars v. Continental C. Co.*
141 Wis. 43, 122 N. W. 721; *Wausau T. Co. v. United Fire-
men's Ins. Co.* 123 Wis. 535, 101 N. W. 1100.

For the respondent the cause was submitted on the brief of
*Albert S. Larson.* He cited, besides other cases, *Cary v. Pre-
ferred Acc. Ins. Co.* 127 Wis. 67, 106 N. W. 1055; *Winchel
v. Goodyear,* 126 Wis. 271, 105 N. W. 824; *Kellogg v. C.
& N. W. R. Co.* 26 Wis. 223; *O'Connor v. Queen Ins. Co.*
140 Wis. 388, 122 N. W. 1038, 1122; *Karow v. Continental
Ins. Co.* 57 Wis. 56, 62, 15 N. W. 27; *Merrill v. Travelers'*

*Ins. Co.* 91 Wis. 329, 64 N. W. 1039; *McQuillan v. Mutual R. F. L. Asso.* 112 Wis. 665, 87 N. W. 1069, 88 N. W. 925; *Milwaukee C. Asso. v. King, F. & M. Co.* 112 Wis. 647, 88 N. W. 598; *Murphey v. Weil,* 92 Wis. 467, 66 N. W. 532; *Fulton v. Stevens,* 99 Wis. 307, 74 N. W. 803; *Wis. M. & F. Ins. Co. Bank v. Mann,* 100 Wis. 596, 76 N. W. 777; *Johnson v. Pugh,* 110 Wis. 167, 85 N. W. 641; *Hart v. Hart,* 117 Wis. 639, 94 N. W. 890; *Monte v. Wausau P. M. Co.* 132 Wis. 205, 210, 111 N. W. 1114.

TIMLIN, J.   By a "plate glass policy" the appellants were insured against loss by breakage of glass (in described premises) the result of accident and due to causes beyond the control of insured.   The policy further provided: "This company is not liable for any loss or damage resulting directly or indirectly from fire, whether on the premises above described or not."   A warehouse about 700 feet distant containing some dynamite was set on fire by a person unknown; the fire caused the dynamite to explode; the concussion of this explosion broke the glass.   To a complaint setting forth these facts a demurrer was sustained and judgment given for defendant.

All causes have behind them in the chain of causation other causes.   Every event is the outcome or result of causes operating directly or indirectly in sequence or simultaneously to produce that event.   In order to justly fix liability the law endeavors to select in a practical way the legally responsible cause, which, without much regard to the literal meaning of the adjective word, we call the proximate cause.   In some cases the proximate cause is very obvious; in others it requires great discrimination to discover and identify it.   A negation of liability for damages caused directly or indirectly by a stated element presents for investigation quite a different question.   If parties to a contract so provide, they have employed one of the most comprehensive expressions which

the language affords to exclude the right to recover all damages caused by that element, whether proximately or not. There is in this case no question of a simultaneously concurring independent cause, and what is decided does not include that. In this case, in order to be within the obligation and without the exception of the policy, it must appear that the fire was not the proximate cause nor a principal cause nor a link in the chain of causation nor even an indirect cause, in short not a cause at all, of the breakage. Here the pleader shows that the breakage was caused directly or indirectly, it matters not which, by the fire.

*By the Court.*—Judgment affirmed.