Walling, Judge.
The action was brought to recover on certain policies of insurance issued by the appellant to the appellee and others. It will only be necessary to refer to the terms of the policy issued to the appellee, which was the basis of the first cause of action in the complaint, as typical of the policies set out in the remaining causes of action. The various losses complained of in the several causes of action occurred at the same time, as the result of the same cause. The judgment of the trial court was based upon a finding of the facts, which covered §11 of the causes of action.
*529 By the policy set forth in the first cause of action, appellant, in consideration of the premium mentioned, insured appellee against loss by breakage of glass in the premises described, and agreed to make good to the assured “all such loss or damage as shall happen by breakage of the glass” specified in the policy. It was expressed in the policy that it was issued to and accepted by the assured subject to certain conditions therein stated, among others the following: “That this company is not liable for any loss or damage resulting directly or- indirectly from fire (whether on the premises above described or not), earthquake, inundation, insurrection, riot or any military or usurped power, or by the blowing up of buildings when authorized by municipal, state or national governments, or caused by the acts or operation of workmen engaged in the construction or alteration of or repairs .to the buildings or frames.” It appears from the findings of the trial court — which are not disputed — that there was a fire in the freight yards belonging to certain railroad companies, which fire consumed a large number of freight cars, the freight depot and the sheds connected therewith; that during the progress of the fire an explosion of dynamite occurred in one of the cars standing on a track adjoining a fréight shed; that the explosion of the dynamite in the car was caused by the intense heat produced by the fire; that the breakage of the plate glass alleged in the plaintiff’s complaint was caused by the explosion of the dynamite in the car; and that the glass which was broken was located in various parts of the city, at distances of from two to six or eight blocks from the place where the dynamite was exploded. Upon *530 those facts the court gave judgment for the appellee.
It is claimed by the appellant that the loss resulted, directly or indirectly, from the fire in the railroad yards, and consequently that the insurance company was not liable, by reason of the exception in its policy; while, to the contrary, it is insisted for the appellee that the breaking of the glass, in the circumstances of the case, was within the obligation assumed by the appellant upon a proper construction of the terms of its policy. We are relieved from the necessity of any extensive review of the cases, industriously collected by counsel on either side, bearing upon the. question of proximate cause, when arising under contracts of this nature — - more particularly policies of fire insurance — in view of the conclusions announced by our supreme court in the case of German Am.. Ins. Co. v. Hyman, 42 Colo., 156. That was an action upon a fire insurance policy, which contained this condition: “This company shall not be liable for loss caused directly or indirectly by invasion * * * or (unless fire ensues, and in that event for the damage by fire only) by explosion of any kind.” Construing this condition, Mr. Justice Helm said, for the court (page 172):
“If the fire preceded the explosion and the explosion was an incident thereto, the fire was the direct or proximate cause of the injury by the explosion, and plaintiff was entitled to recover for his entire loss. But if the explosion preceded the fire and was not caused by it, plaintiff can, under the express terms of the policy, only recover for that proportion of the damage resulting from the *531 fire alone. This construction is well established; there seems to be no serious conflict of authority in relation thereto.”
It was further said (page 174):
“If any testimony had been received tending to show that a fire preceded and caused the explosion, thus creating a conflict of evidence upon this subject, we would probably regard the decision of the trial court as controlling. But under the circumstances, we must conclude that he adopted an erroneous view of the law or misconceived the effect of the evidence. Governed by this evidence — as, of course, we must be — we can come to no other conclusion but that the explosion produced the fire, and was not itself a mere incident to, or result of, a preceding fire. ’ ’
The further point was determined in the Hyman case, appearing from the following language of the opinion:
“The ‘fire’ referred to in the provision of the policies under consideration is an actual fire, according to the ordinary and common use of the term. The blaze produced by lighting a match or gas jet or lamp is not such a fire as is contemplated. And the accidental igniting of gas by such means, resulting in an explosion, does not, within the language of the contract, render the explosion an incident to a fire. ’ ’
After referring to the case of Mitchell v. Potomac Ins. Co., 183 U. S., 42, with particularity, the opinion proceeds:
“Further sustaining the construction that in order to be within the meaning of the contract the ignition of the explosive substance must be caused by an actual combustion involuntarily or illegally *532 started, termed by some of the authorities as ‘negligent or unlawful’ fire, and not by a harmless combustion, such as a lighted cigar, the burning of gas jets, the lighting of matches, reasonable fire in a stove for heating purposes, and’ other ‘innocent’ fires, see the following additional authorities.” (A number of them are cited.)
Reference has been made to the last mentioned point of the opinion in the Hyman case, for the purpose of comparing that decision with the case of Vorse v. Plate Glass Ins. Co., 119 Ia., 555, upon which much reliance has been placed by counsel for appellee. The latter case arose under a policy of plate glass insurance, similar to those in suit here, containing the condition that the insurer was not liable to make good loss or damage which might happen “by or in consequence of any fire.” It appeared from the agreed facts of that case that the breaking of the glass'was caused by the explosion of gas, emanating from gasoline, the gas having been ignited by a match or other light in the rpom in which the gasoline was kept and used; and that the “breakage of the glass and the explosion occurred prior to the fire in said building.” The court there adopted the same definition of the word “fire,” as used in the condition of the plate glass policy, which was held by our supreme court to be proper in construing the fire policy in the Hyman case. Accordingly it was said in the Iowa case cited:
“The lighted match or other light in the building was not contemplated by the parties as the fire which was. excepted by the terms of the policy. It was not a destructive fire against the immediate effect of which the condition in the .policy was in *533 tended as a protection.” And again: “We cannot too strongly emphasize the thought that the match or other light mentioned in the agreed statement of facts was not a fire, within the meaning of the condition of the policy now under consideration.”
Following the same course of reasoning pursued in the Iiyman case, and citing the same line of authorities in support of its conclusion, the Iowa court decided that the breaking of the glass in the case before it was caused by the explosion, and not by any fire. The fact that the insured glass was broken before the fire started, in that case, made it impossible to say that the loss under the glass policy happened in consequence of the fire; and the decision does not materially assist in the solution of the problem here presented.
In this case, it can hardly be doubted that the explosion of the dynamite by the intense heat of the fire was an incident to the conflagration, whicn preceded and was then in full, progress. A contrary inference would be in direct contradiction of the facts found by the district court and here conceded to be true.
“The proximate cause is the efficient cause, the one that necessarily sets the other causes in operation. The causes that are merely incidental or instruments of a superior dr controlling agency are not the proximate causes and the responsible ones, though they may be nearer in time to the result. It is only when the causes are independent of each other that the nearest is, of course, to be charged with the disaster.” Aetna Ins. Co. v. Boon, 95 U. S., 117.
See also German Am. Ins. Co. v. Hyman, supra; *534 Insurance Co. v. Tweed, 7 Wall., 44; Transatlantic Ins. Co. v. Dorsey, 56 Md., 70; Runkle v. Lloyd Plate Glass Co., 21 Ins. Law Journal, 472; Am. Steam Boiler Ins. Co. v. Sugar Refining Co. (C. C. A.), 57 Fed., 294; Frisbie v. Fidelity & Guaranty Co., 133 Mo. App., 30; Colo. Mid. Ry. Co. v. Robbins, 30 Colo., 456.
The dynamite in the freight car was inert, and .its explosive potency was latent, until contact with the great heat produced by the conflagration brought into activity its tremendous destructive power. The explosion did not constitute an independent, self-efficient agency,' of itself responsible for the damage. So far, the rule of proximate cause, as supported by the weight of authority, does not aid the case of the appellee. Our attention has been directed to a recent case, brought upon a policy identical in its terms with those in suit in the case at bar, and involving facts strikingly similar, wherein it was decided that the insurer was exempted from liability, by force of the condition of the policy relied on by the appellant. Jones v. Metropolitan Ins. Co., 144 Wis., 66.
The opinion in' the last mentioned case cites no precedent in support of its reasoning, which seems to be premised with a very literal interpretation of the words of the condition. Since that interpretation is, in our view, opposed to principles of construction, favored by the decisions of our supreme court in similar cases, we are not disposed to give assent to it. In preference, we might be content to base our conclusion upon what appears to be a logical deduction from the rule of proximate cause, as stated in German American Ins. Co. v. Hyman, and *535 other cases cited above, bnt for the further pertinent questions, which will next be considered.
It has been stated in argument on both sides that the insurance of plate glass is correlated with fire insurance, in the sense that the former is designed to cover hazards which are not within the protection of the fire insurance policy in common use. (A form of fire insurance policy, generally known as the “New York standard policy,” was introduced in evidence at the trial, and has be«n commented on freely in the arguments on either side.) Counsel are agreed, in argument, that the purpose of inserting, in the plate glass policies, the condition exempting the insurer from loss resulting directly or indirectly from fire, was to prevent double insurance, it being further conceded that it is customary to insure, by policies similar to the one in suit, against breakage of the plate glass in buildings protected against loss by fire by the usual fire policies. Such being the conceded purpose, and the only purpose of the exception from the insurer’s liability of loss or damage by fire, it is not unreasonable to confine the scope .of the condition within its intention. In this view, a fair test of liability under the policies in suit is inablity to recover for the same loss under the usual fire policies, whose provisions were under consideration in German Am. Ins. Co. v. Hyman, supra.
“Policies of insurance, like other written contracts, are to be considered and construed with a view to carrying out the intention of both parties.— Goodrich, admr., v. Treat, 3 Colo., 408; State Ins. Co. v. Taylor, 14 Colo., 499.
The intention of the parties to a contract of *536 insurance is indemnity, and this intention is to be kept in view and favored in construing its provisions. Having indemnity for its object, a policy of insurance is to -be construed liberally to that end, and for this reason conditions and provisos therein will be strictly construed against the insurers, because their object is to limit the scope and defeat the purpose of the principal contract. — Providence L. S. I. Society v. Cannon, 105 Ill. App., 534; 1 May on Ins. (4th ed.), section 174.” Jennings v. Brotherhood Acc. Co., 44 Colo., 68.
“When a clause in a contract of insurance is susceptible of two constructions, that one will be adopted which is most favorable to the assured. German Ins. Co. v. Hayden, 21 Colo., 127; Strauss v. Phoenix Ins. Co., 9 Colo. App., 386.” Nat. Ins. Co. v. Duncan, 44 Colo., 472; Wich v. Equitable Ins. Co., 2 Colo. App., 484; Michigan Ins. Co. v. Wich., 8 Colo. App., 409; Messenger v. German Am. Ins. Co., 47 Colo., 448.
By the insuring clause of its policy, appellant broadly assumed responsibility for all loss by breakage of the insured glass, without any reference to cause of the accident, and this, of course, included breakage resulting from explosions. The language of the condition is obscure, and its construction is not simplified by the additional words, “whether on the above described premises or not;” and a rational meaning should be ascribed to it, in view of the circumstances, consistent with the general purpose of the instrument, as a contract of indemnity. It is a fair assumption that the exception of liability for loss or damage resulting directly or indirectly from fire was not intended to avoid liability *537 for damage by explosions, but rather to protect the insurer agaiust the moral hazard of double insurance. Adopting this construction, as in consonance with principles declared and consistently adhered to by our own courts, it becomes necessary to determine whether recovery might have been had for the particular loss under the provisions of the standard fire insurance policy mentioned.
There is no decision in this state which furnishes a direct precedent for the determination of the question stated. In the Hyman case the explosion and the fire both happened in the insured building. But the precise question has been the subject of adjudications elsewhere; and the manifest weight of authority clearly sustains the proposition that damage to insured property caused only by concussion consequent upon an explosion occurring at a distance from the premises upon which the insured property is situated (no fire ensuing-in the insured property), is not recoverable under the fire insurance policy, although the explosion was caused by and incident to a fire in progress on the distant premises. Without extended comment upon the doctrine of the authorities mentioned, we shall content ourselves with referring to some of them. Hall v. National Fire Ins. Co., 115 Tenn., 514; Cabelero v. Home Ins. Co., 15 La. Ann., 217; Germania Fire Ins. Co. v. Roost, 55 Ohio St., 581; Miller v. London etc. Ins. Co., 41 Ill. App., 305; Everett v. London Assurance etc., 19 C. B. N. S., 126; Eustace v. Phoenix Ins. Co., 175 N. Y., 292; Clement on Fire Insurance, page 123; Joyce on Insurance, section 2586.
In Germania Fire Ins. Co. v. Roost, supra, the *538 action was brought upon a policy, which contained, a clause insuring “against any loss or damage caused by lightning to the interest of the assured in the property described,” and also a provision, by way of condition, that it did not “apply to or cover any loss occasioned by explosion, unless fire ensues, and then the loss or damage by fire only.” The insured building was destroyed by an explosion in another building separated from the insured property by a street. The explosion was caused by lightning striking the building in which the powder was stored. -The provisions of the insurance policy were considered by the court in a lengthy opinion, wherein, after arriving at a conclusion adverse to liability on the policy, the court continued:
“The conclusions stated are sustained by abundant authority. True it is that cases are to be found which declare principles of construction, which, if applied here, would make the company liable for this loss, if its liability were measured wholly by the lightning clause. But in no case which has come within our observation, and we have examined a great many, has a liability been found to attach where there was a provision excluding liability for loss by explosion, and the loss was caused by fire, or, as here, by lightning, taking effect in a distant building, the damage being wrought to the insured property by an explosion produced by the fire or lightning, without either of the latter agencies coming in contact with the insured property.”
In Hall v. National Fire Ins. Co., supra, this language was used by the court in the opinion:
“It is insisted by counsel for complainants that since an explosion produced in progress of a pre *539 cedent fire is field to be the result of tfie fire, and the loss by such explosion a loss by fire, damage produced thereby in neighboring buildings should be treated like damage by smoke and water, destruction by the falling of buildings, or other injuries by fire agencies without actual ignition in their operation upon adjoining buildings, and that the element of distance is unimportant. Abstractly speaking, the deduction seems sound, but legal conclusions' cannot always be safely reached by pressing the processes of logical illation to their ultimate results. The weight of authority is against complainants’ contention. ’ ’
Decided February 13, A. D. 1912.
Rehearing denied April 8, A. D. 1912.
Due regard for the principle of uniformity of decision in respect of matters pertaining to general commercial law, impels us to accept the general conclusion thus sustained by the evident current of authority. The necessary result is that the damage by the breakage of the insured glass was not within the protection afforded by the provisions of a fire insurance policy, and, therefore, according to the test above assumed, was not the loss or damage resulting directly or indirectly from fire intended' by the condition of appellant’s policy relied on in defense of this action. The judgment is affirmed.

Affirmed.