### Charles Feehrer and Anthony Feehrer, Plaintiffs in Error, v. The Fidelity & Casualty Company of New York, Defendant in Error.

INSURANCE, § 397a*—*provision in plate glass policy limiting liability construed.* A provision in a plate glass policy that the insurance company shall not be liable for any loss or damage resulting directly or indirectly from any inundation, *held* to exempt the company from liability for damages resulting to the glass by persons using row boats during an inundation.

Error to the Circuit Court of Gallatin county; the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed July 28, 1914.

BARTLEY & BARTLEY, for plaintiffs in error.

ROEDEL & ROEDEL, for defendant in error.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

This was an action based upon a plate glass policy issued by the defendant to the plaintiffs on March 21, 1913, and was to continue in force until noon of the 21st day of March, 1914. The declaration alleges the issuing of the policy, which provided that in consideration of the sum of $22.81 the defendant agreed to indemnify plaintiffs, "Against loss or damage of the glass described in the schedule set forth hereon, by breakage and other causes beyond the assured's control."

The declaration further alleges that the foregoing agreement is subject to the following conditions: "Among them is one numbered seven, which provides any loss or damage resulting directly or indirectly from any earthquake or any inundation, insurrection or riot, or usurped power."

The declaration further avers that the plaintiffs are the owners of the property and allege a loss in the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

breakage of glass to the amount of $197.60, then avers: "That on the first day of April, 1913, the city of Shawneetown was then and there inundated by the Ohio river by reason of said river overflowing its banks and the top of a certain levee or embankment theretofore erected about said city for the protection thereof and its citizens and property from such inundation; that subsequent to said date and prior to the fifth day of said month the said inundation had reached its crest, and had partially inundated the buildings in which said plate glass were then and there located and used as window lights in the windows of said buildings, and the said buildings had become, from the foundation thereof, inundated to a depth of, to wit, from eight to ten feet, and said windows, in which were located the said plate glass, had likewise become inundated to a depth of, to wit, from five to seven feet, from the window sills in which they were respectively located towards the ceiling of the first story of said buildings, several feet, to wit, from four to six feet of said plate glass then and there extending above the surface of the water flowing through said buildings and about the same as the result of said inundation; that from the date of said inundation until the injury to said glass the plate glass was not injured from any cause whatever and the proportion thereof hereinafter mentioned as being above the surface of the water remained exposed to public view; that prior to and on said fifth day of April the waters overflowing said city, by reason of said inundation, had become quiet and in a condition that it was safe for individuals to go from place to place in said city by means of skiffs, rafts and water crafts of a nature capable of being propelled and navigated by means of oars, paddles,  *  *  *  and on, to wit, on or about the fifth day of April aforesaid, divers and sundry individuals, whose names are unknown to said plaintiffs, took occasion to then and

there ride upon the water then submerging said city as aforesaid in skiffs, boats, * * * under their care, control and management, from place to place, and while thus navigating the said water occasioned by said inundation, said individuals in said boats * * * went from place to place within said city and in the vicinity of and to the place where said buildings were then located, and through the negligence and carelessness or recklessness or want of due care in the management of said boats and crafts then being * * * upon said water, ran upon, to and against said plate glass forming windows in said buildings and by means thereof crushed, broke and rendered worthless said plate glass; and divers other parties on or about said date, having in charge boats or water crafts which were dangerous and out of repair and unmanageable and known by said individuals in control thereof to be unmanageable in time to have averted the accident and resulted loss aforesaid, recklessly and carelessly ran to, upon and against said plate glass or some of them and broke, crushed and rendered useless and valueless the same.'' The declaration then alleges that other individuals knowing that their boats and oars were out of repair, and in a condition that in the natural and proper result of the use of the same the accident to the said plate glass might result, and with knowledge of said fact, in time to have averted the injury and loss did knowingly and carelessly use the same and did negligently run against said plate glass and crush the same. The declaration then alleges that by reason of the premises and the intervention of the acts of said third agencies as aforesaid, breaking the casual connection between the inundation and the injury, the injury and consequential loss is the result of said responsible third agencies, and the plaintiffs aver that the inundation did not improve or immediately set in operation the new chain of causation which resulted as aforesaid. It then alleges the proofs of loss

were made and refusal upon the part of the defendant to pay, upon the pretext that the loss was occasioned or resulted directly or indirectly from an inundation, and from no other cause.

To this declaration the defendant filed a demurrer which was sustained, and the plaintiffs having elected to abide by their declaration judgment was rendered against them for costs, to reverse which judgment the plaintiffs prosecute this writ of error.

The question presented and argued by counsel for plaintiffs in error and defendant in error, hereinafter called plaintiffs and defendant, is as to the liability of the defendant for the breakage of the plate glass by parties rowing in boats upon the streets that were inundated, and while so rowing ran into and destroyed the plate glass in the buildings described in the manner set forth in the declaration. The policy provides that the defendant agrees to indemnify the plaintiffs "Against loss or damage of the glass described in the schedule set forth hereon by breakage from causes beyond the assured's control, etc.," and then further provides that the foregoing agreement is subject to the following conditions, that: "Any loss or damage resulting directly or indirectly from any earthquake or any inundation, insurrection or riot or any military or usurped power." It is argued by counsel for plaintiffs that the condition of the policy of insurance, "which provides that the Company shall not be responsible for any loss or damage resulting directly or indirectly from any earthquake, etc., is not sufficient to bring the loss or damage in the case at bar within the exception therein provided for, before the loss or damage can be said to result directly or indirectly from the inundation described in the declaration, it must appear, as in cases where the loss is by the act of God, that the loss was the sole result of the inundation."

It is further stated in plaintiff's brief at page 13: "So, in this case, the inundation was not the sole cause

402    APPELLATE COURTS OF ILLINOIS.

Feehrer et al. v. The Fidelity & Casualty Co., 188 Ill. App. 398.

nor a proximate cause, but the acts of the divers parties in running their boats against the plate glass windows was the proximate cause, acting independently of the inundation, the latter being a remote cause or mere condition. * * * The inundation could not in any event be considered the proximate cause of the injury and exculpate the Insurance Company from the performance of its contract.''

We cannot agree with the contention of counsel for plaintiff in their version of the meaning of the terms here employed, to wit: ''Resulting directly or indirectly from inundation.'' A result may indirectly follow from certain acts or conditions without being the proximate cause, yet they are or may be the indirect results. While the acts of the several individuals (third parties) in rowing their boats against the plate glass windows may have been the direct or proximate cause of the injury, this, however, is not sufficient to relieve from liability, for it must further appear that it did not result indirectly as well. Webster in defining ''indirect,'' says: ''In resulting directly from an act or cause but more or less remotely connected with or growing out of it, as indirect results, damages or claims.'' So it would appear that if the injury results indirectly or remotely from the inundation then no liability could attach. It appears to us that the conditions existing in the streets of Shawneetown, the water being several feet deep which permitted the unusual spectacle of people rowing boats in the streets, was a condition that contributed to the results produced by these parties. Were it not for this condition the boats could not have been rowing upon the water in the streets in such manner as to run into the windows, and we are forced to the conclusion that the injuries here sustained resulted, at least indirectly, from the inundation. It is said in the case of *Frisbie v. Fidelity Casualty Co.*, 133 Mo. App. 30: ''Where a plate glass

policy provided for indemnity for breakage, but stipulated that the insurer would not be liable for damages caused as a result of fire, it was held that where a fire occurred in the building and it became necessary to dynamite the building, from which injury to the plate glass resulted, the Insurance Company was not liable as the fire and not the dynamiting was the proximate cause of the injury.'' And this is also sustained by the case of *Jones v. Metropolitan Casualty Ins. Co.,* 144 Wis. 66.

We do not believe that the language employed in this exception could be misunderstood; it is clear and provides that the defendant shall not be liable for any loss or damage resulting directly or indirectly from any inundation. It was not in the mind of either of the parties to this contract, as we think, to create a liability upon the part of the defendant, where it grew out of a flooding of the streets to the depth of several feet, as alleged in the declaration, and we do not think that the mere fact that the direct act of breaking the plate glass could create the liability in the face of this exception. We are of the opinion that the Circuit Court properly sustained the demurrer to the plaintiffs' declaration, and the judgment is affirmed.

*Judgment affirmed.*