### No. 8972.

### WESTERN INSURANCE COMPANY *v*. SKASS ET AL.

FIRE INSURANCE—*Explosion—Policy Construed.* A policy insuring the owner of certain premises against loss by fire contained a condition that the insurer shall not "be liable . . . (unless fire ensues and in that event for damage by fire only) by explosion of any kind". *Held* that where the fire causes the explosion it is to be regarded as a mere incident of the fire, and the insurer is liable for the results thereof.

*Error to the Denver District Court, Hon. John A. Perry, Judge.*

Mr. SYLVESTER G. WILLIAMS, for plaintiff in error.

Mr. PHILIP HORNBEIN, Mr. MILTON L. ANFENGER, for defendants in error.

Opinion by Mr. Justice Allen:

THIS is an action upon a fire insurance policy to recover indemnity for loss occasioned by fire upon premises insured by the plaintiff in error.

The plaintiffs below, the insured, alleged, and the evidence shows, that a fire occurred at the dwelling house described and protected by the policy; that after the fire had been in progress for some little time, an explosion occurred, causing a portion of the building to collapse; that the fire preceded and was the direct and proximate cause of the explosion, and of the injury to the building; and, that the explosion was an incident to the fire.

It is admitted that the total loss occasioned by both the fire and the explosion amounted to $661.43, and that the loss occasioned by the fire alone, when considered as if no explosion had occurred, amounted to $58.00.

The plaintiffs sued for and recovered a judgment for the loss occasioned by the fire itself and also for the loss caused by the explosion.

The main contention of the plaintiff in error, the insuring company, and the only contention discussed in its brief, is that by the terms of the policy the company is not liable

for the explosion damage in this case. The policy sued on was admitted in evidence, and it is therein provided and agreed that:

"The Western Insurance Company, in consideration of the stipulations herein named (etc.), does insure Rebecka Skass  *  *  *  against all direct loss or damage by fire, except as hereinafter provided,  *  *  *  to the following described property."

Under the heading, "Conditions Referred to in the Body of Contract," are various provisions, including the following:

"This company shall not be liable for loss caused directly or indirectly by invasion  *  *  *  or (unless fire ensues, and in that event for the damage by fire only) by explosion of any kind."

The explosion clause above quoted is the only basis for the contention of plaintiff in error, and the sole question for determination is whether such clause relieves the insurer from any liability for the loss resulting from the explosion, under the facts and circumstances disclosed by the evidence in the case at bar.

In the case of *German-American Insurance Co. v. Hyman,* 42 Colo. 156, 94 Pac. 27, 16 L. R. A. (N. S.) 77, this court having before it a fire insurance policy containing an explosion clause in the same language as is the clause in question in the instant case, used the following language in determining the liability of the insurer:

"If the fire preceded the explosion, and the explosion was an incident thereto, the fire was the direct or proximate cause of the injury by the explosion, and plaintiff was entitled to recover for his entire loss."

The plaintiff in error contends that the language above quoted is *obiter dictum,* and that therefore the *Hyman* case is not decisive of the instant case, under the doctrine of *stare decisis.* We do not concede that the point thus raised is well taken, but even if the language quoted should be regarded as *obiter dictum,* the result, nevertheless, would be the same. The rule stated in the opinion in the *Hyman*

case is in accord with most, if not all, of the decisions of various courts that have determined the liability of an insurer under a fire insurance policy containing this usual explosion clause, where, as in the case at bar, a hostile fire preceded and caused the explosion and the explosion was an incident to such fire. Supporting the view taken in the Hyman case, to the effect that in such cases the insured is entitled to recover his entire loss, are the following authorities: *Transatlantic Fire Ins. Co. v. Dorsey,* 56 Md. 70, 40 Am. Rep. 403; *Washburn v. Miami Valley Ins. Co.,* 2 Flipp. 664, 2 Fed. 633; *Hall v. National Fire Ins. Co.,* 115 Tenn. 513, 92 S. W. 402, 112 Am. St. Rep. 870, 5 Ann. Cas. 777, and note; *Wheeler v. Phenix Ins. Co.,* 203 N. Y. 283, 96 N. E. 452, Ann. Cas. 1913 A-1297, and note, 38 L. R. A. (N. S.) 474, and note; *Mitchell v. Potomac Ins. Co.,* 183 U. S. 42, 46 L. Ed. 74, 22 Sup. Ct. Rep. 22; *Fire Assn. of Philadelphia v. Evansville Brewing Assn.,* (Fla.) 75 So. 197.

In *Transatlantic Fire Ins. Co. v. Dorsey,* supra, it is said:

"In this case the exception of liability for explosions of any kind is certainly very broad and comprehensive; but that exception must not be so construed as to defeat the main and principal object of the insurance. * * * But where a fire has occurred, and is in progress, the effects of which are covered by the policy, and an explosion takes place as an incident or result thereof—so as to increase the loss—whether the whole of the damage or loss thus produced can be regarded as within the protection of the insurance, in a case where the policy contains the exemption from liability for explosions, has been the subject of some diversity of judicial opinion. We think, however, both upon reason and the established rules of construction, that such loss should be regarded as within the risk assumed by the insurers. In such case the fire is the direct and efficient cause of the loss, and the explosion but the incident, and if the insurers intend to exclude such liability, they must do so by plain and unambiguous terms."

In 14 R. C. L. 1218, sec. 398, the text referring to clauses

in fire insurance policies exempting the insurer from liability in case of explosion, it is said:

"Under a provision of the latter character, if the fire precedes the explosion and the explosion is an incident thereto, the fire is the direct or proximate cause of the injury by the explosion, and the insured is entitled to recover for his entire loss."

In view of the authorities above cited, we are of the opinion that the rule announced in the *Hyman* case correctly states the law applicable in the instant case, and that under the facts disclosed by the evidence in this case, the plaintiffs below are entitled to recover, under the terms of the policy sued on, the total loss occasioned by both the fire and the explosion. For the reasons above given, and adopting the rule announced in the Hyman case, the judgment is affirmed.

Affirmed.

Chief Justice Hill and Mr. Justice Bailey concur.