[Civ. No. 2658.   Second Appellate District, Division One.—March 22, 1920.]

## EDWARD ROSSINI, Respondent, v. SECURITY MUTUAL FIRE INSURANCE COMPANY OF CHATFIELD, MINNESOTA (a Corporation), Appellant.

[1] Fire Insurance—Action on Policy—Explosion Causing Fire—Proximate Cause of Loss.—Where the testimony in an action to recover upon a policy of fire insurance shows without conflict that after the buildings and property were on fire an explosion occurred, such explosion must be deemed the result of, and an incident of, the fire and the latter the direct and proximate cause of the loss.

[2] Id.—Assignment for Collection—Interest in Benefits—Parties.—Where an assignment of the sum due under a policy of fire insurance is made to the assignee as the agent of the insured merely for collection of the insurance money, as to which no adjustment is to be made without the approval of the insured, such assignee acquires no personal interest in the benefits to be derived by the collection, and the insured, being the real party in interest, does not lose his right to sue upon the policy.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. W. Hindman for Appellant.

Carter & Torchia for Respondent.

SHAW, J.—Action to recover upon a policy of fire insurance which covered plaintiff's building and contents consisting, among other things, of a stock of merchandise, and all of which is alleged to have been totally destroyed by fire.

Judgment went for plaintiff as prayed for, and defendant appeals.

[1]    The policy contained a clause that "this company will not be liable for loss (unless fire ensues, and in that event for the damage by fire only) by explosion of any kind," and availing itself of this provision defendant alleged the destruction of the property was the result of the explosion of a bomb or other explosive substance the nature of which was unknown to defendant. The finding of the court, made in response to the issue, is to the effect that, while there was an explosion, it did not precede the fire, but occurred during the fire and after the commencement thereof and while the building and its contents were in process of destruction by the conflagration. Appellant attacks this finding and insists that "in our testimony we have eliminated every possibility of fire preceding the explosion." It conclusively appears from the testimony of the only witness having knowledge of the fact, that, upon going out on his porch, he saw the building was on fire, that he ran back into the house to get his hat, and while in the house he heard the explosion. Other than the fact that the front of the building and some of the merchandise were blown into the street and several hours thereafter found scorched and burned, the record discloses absolutely nothing tending in the slightest degree to overcome this direct testimony. The contention as to insufficiency of evidence to support the finding of which appellant complains is wholly without merit; indeed, the testimony upon which the court based the finding is without conflict. This being true, the explosion must be deemed the result of, and an incident of, the fire which was the direct and proximate cause of the loss. (*German American Ins. Co.* v. *Hyman,* 42 Colo. 156, [16 L. R. A. (N. S.) 77, 94 Pac. 27]; 1 Clement on Fire Insurance, p. 123.)

[2]    While not pleaded, it was on the trial made to appear that after the fire plaintiff made an assignment of the sum due under the policy to a third person, by reason of which fact appellant insists that, having parted with all his right in the policy, he was thereby precluded from maintain-

ing this action.   Reference to this assignment shows that it was made to the assignee as plaintiff's agent merely for collection of the insurance money, as to which, however, no adjustment was to be made without plaintiff's approval.   By such assignment the assignee acquired no personal interest in the benefits to be derived by the collection, and hence plaintiff, being the real party in interest, did not lose his right to sue upon the policy.

No grounds other than the alleged errors discussed are urged by appellant for a reversal.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.