EXCHANGE BANK OF NOVINGER, Appellant, v. IOWA STATE INSURANCE COMPANY, Respondent.*

Kansas City Court of Appeals. November 10, 1924.

INSURANCE: Insurer Not Liable for Loss Occasioned by Explosion Occurring in Another Building Than That Owned by Insured, Though Caused by an Antecedent Fire. In a suit upon a fire policy, where it provided that insurer should not be liable for loss to building caused by explosion, *held* insurer was liable for damages to building from explosion within it caused by an antecedent fire, but not liable for damage caused by a concussion of air produced by an explosion occurring in another building, though the explosion was caused by an antecedent fire.

---

*Corpus Juris-Cyc. References: Fire Insurance, 26CJ, p. 344, n. 11; p. 345, n. 14.

Appeal from the Circuit Court of Adair County.—*Hon. J. A. Cooley,* Judge.

AFFIRMED.

*S. H. Ellison, John M. Campbell* and *M. D. Campbell* for appellant.

*Higbee & Mills* for respondent.

BLAND, J.—This is a suit upon a fire insurance policy insuring plaintiff's building in Novinger, Adair County, Missouri, against "all direct loss or damage by fire except as hereinafter provided." The policy contains the further stipulation that—

(587)

" 'This company shall not be liable for loss caused directly or indirectly by invasion, insurrection or (unless fire ensues and in that event for the damage by fire only) by explosion of any kind,' and that this policy shall be void if dynamite or other explosive is used, kept or stored on the premises."

On July 3, 1922, an explosion occurred in what was called the Sullivan Building wherein was a drug store. This building was eighty feet from plaintiff's building and there intervened between the two buildings a one-story frame, iron-clad building and two vacant lots, the iron-clad building being adjacent to the Sullivan Building. A fire preceded the explosion in the Sullivan Building and as a result of the explosion timbers were blown from the Sullivan Building upon the roof of plaintiff's building as well as upon the roofs of other buildings.

There was a slight damage, amounting to $10, done to the roof of plaintiff's building by fire communicated from timbers falling thereon. There is no dispute that defendant is liable for its *pro rata* part of the $10 damage. The principal damage to plaintiff's building was done by concussion caused by the explosion, this damage exceeding the sum of $2000.

There was a trial before the court resulting in a judgment against plaintiff for the damage done to its building as the result of the concussion caused by the explosion in the Sullivan Building, and plaintiff has appealed.

It is insisted that the court erred in giving its declaration of law to the effect that plaintiff was not entitled to recover for the damage caused by the concussion from the explosion. The authorities in this State and in some other States hold that where fire occurs in the property insured, and an explosion takes place therein during the progress of the fire, the effects of which are covered by the policy, and such explosion is a mere incident of the preceding fire, the fire is treated as the efficient cause and the whole loss is within the risk of the insurer, although the policy in terms excludes liability for loss by explosion. [La Force v. Ins. Co., 43 Mo. App.

518; Cohn & Greenman v. Ins. Co., 96 Mo. App. 315; Hallander v. Ins. Co., 218 S. W. 418; Wheeler v. Ins. Co., 203 N. Y. 283.] However, so far as we have been able to discover, it has been universally held that such a policy does not make the insurer liable for losses occasioned merely by concussion from an explosion which occurs in another building although the explosion was caused by an antecedent fire. [Ins. Co. v. Mims, 226 S. W. 738 (Texas); Ins. Co. v. Currie, 234 S. W. 232 (Texas); Hall and Hawkins v. Ins. Co., 115 Tenn. 513; Germania Fire Ins. Co. v. Roost, 36 L. R. A. 236 (Ohio); Hustace v. Ins. Co., 62 L. R. S. 651 (N. Y.); Wheeler v. Ins. Co., supra; Miller v. Ins. Co., 41 Ill. App. 395; Bird v. Ins. Co., 13 A. L. R. 875 (N. Y.); Ins. Co. v. Bell, 13 A. L. R. 880 (Ga.); Phoenix Ins. Co. v. Adams, 127 S. W. 1008 (Ky.); Met. Casualty Ins. Co. v. Bergheim, 122 Pac. 812 (Colo.); Caballero & Basualdo v. Ins. Co., 15 La. Ann. 217; Clements on Fire Insurance, p. 123; 4 Joyce on Insurance (2 Ed.), pp. 2587, 2593; Wood on Insurance, sec. 104; 4 Coolidge Brief on Insurance, p. 3028.]

The holding that such a policy covers an explosion in the building insured caused by an antecedent fire but does not cover damage caused by a concussion of air caused by an explosion external to the building insured, in some cases is based upon the ground that in the former case the damage is the proximate cause of the fire while in the latter it is not. The better considered cases hold that the damage in the latter instance cannot be recovered on the broad ground that the loss is not within the reasonable intendment of the parties when they made the contract, that it cannot be reasonably said that the parties contemplated that the policy should cover a loss arising from the concussion of air produced by an explosion on the premises of other persons than the insured whether or not the explosion was preceded by fire. A very learned discussion of this subject may be found in the case of Bird v. Ins. Co., supra.

The judgment is affirmed. All concur.