## SPRINGFIELD FIRE & MARINE INS. CO.
## et al. v. OLIPHANT.

No. 20043.   Opinion Filed June 9, 1931.

Rehearing Denied June 23, 1931.

Rittenhouse, Lee, Webster & Rittenhouse, for plaintiffs in error.

Angl'n & Stevenson and Forrest M. Darrough, for defendant in error.

HEFNER, J.   A. Oliphant, as plaintiff, brought three separate actions in the district court of Hughes ·county against Springfield Fire & Marine Insurance Company, Home Insurance Company, and Sun Insurance Office, to recover on fire insurance policies. The policies covered a small packing plant owned by plaintiff, which he alleged was destroyed by fire.

The companies defended on the ground that the damage to the property was caused by an explosion and that plaintiff failed to furnish proof of loss. The causes were consolidated and tried to the court and resulted in a judgment in favor of plaintiff.

Defendants appeal and assign as error that the judgment is contrary to law and not sustained by the evidence.   Under this assignment defendants first contend that plaintiff cannot recover because he failed to furnish proof of loss.   The evidence is undisputed that no proof of loss was furnished. It is, however, shown that after the property was destroyed plaintiff notified the local agent of .defendants of the loss; that an adjuster representing defendants appeared, viewed the property, and denied liability on the ground that the damage was due to an explosion and not ·to fire.   The furnishing of formal proof of loss was by reason thereof waived by defendants.   State Mutual Ins. Co. v. Green, 62 Okla. 214, 166 Pac. 105; Atlas Assurance Co. v. Leonard, 108 Okla. 150, 234 Pac. 771.

Defendants further contend that the judgment cannot be sustained for the reason that the evidence establishes that the damage to plaintiff's property was caused by an explosion and not by fire.   That under the terms of their policies they cannot be held liable for damages to plaintiff's property ·caused by an explosion.   The policies provide that the companies shall not be held liable for loss caused by explosion of any kind unless fire ensues.   It is admitted by plaintiff that there was an explosion and that there was little if any damage caused directly by fire, but it is his contention that the explosion was caused by fire and that the fire which caused the explosion was a hostile fire.   If plaintiff's contention is correct, he is entitled to recover.   In 14 R. C. L. 1218, the following rule is announced:

"Fire policies usually contain a provision exempting the insurer from liability for a loss by explosion. An exception of this character applies to fire damage following, but caused by, an explosion, according to the better view, though the contrary has sometimes been held. Of course, where the exemption in case of explosion is not unqualified, but is restricted by the' exception 'unless fire ensues, and then for the loss or damage by fire only,' it creates liability for less by fire ensuing upon an explosion, whether the fire is kindled by the explosion itself or by any other cause. Under a provision of the latter character, if the fire precedes the explosion and the explosion is an incident thereto, the fire is the direct or proximate cause of the injury by the explosion, and the insured is entitled to recover for his entire loss; but, if the explosion precedes the fire and is not caused by it, he can, under the express terms of the policy, only recover for that proportion of the damages resulting from the fire alone."

In the case of Western Insurance Co. v. Skass (Colo.) 171 Pac. 358, it is said:

"A fire policy provision against liability from explosions, unless fire ensues, and in such event for the fire damage only, does not exempt from liability for loss where the fire preceded and proximately caused the explosion."

In Clement on Insurance, page 123, it is said:

"When explosions or explosive effects occur after the commencement of a fire, or during its progress, and as an incident of a fire or a result of it, the whole loss is a loss by fire within the meaning and protection of the policy, notwithstanding the destructive effect of the explosion. It is ordinarily a question of fact. If the explosion precedes the fire, the company is liable for the damage by fire only, and not for that caused by the explosion."

See, also, the following authorities: Rossini v. St. Paul Fire & Marine Insurance Company (Cal.) 188 Pac. 564; Wheeler v. Phoenix Insurance Co. (N. Y.) 96 N. E. 453; German-American Insurance Company v. Hyman (Colo.) 94 Pac. 27; Western Insurance Co v. Skass, supra.

The rule is the reverse where the explosion is caused by a friendly fire or where a fire follows an explosion. In Cooley's Briefs on Insurance (2d) vol. 6, it is said:

"A fire causing an explosion and rendering an insurer liable for the damage caused by the explosion under a policy excluding explosions as causes of loss must be an actual fire according to the common use of the term, and not a blaze produced by lighting a match, gas jet or lamp; that is to say, where the explosion results not from a hostile fire, but from a friendly fire, such as the striking of a match or a burning gas jet, the company will not be liable. Even though the friendly fire be considered as the proximate cause of the loss, it cannot be said that such a fire was within the contemplation of the parties."

The question for our determination is, Was the explosion caused by a hostile fire? Charles Powel, a witness on behalf of the plaintiff, testified that immediately prior to the explosion he saw a fire in the top of the building along the rafters; that after the explosion there was no fire; that the explosion extinguished the fire. Other witnesses who examined the building after the explosion testified that the rafters showed evidence of having been burned. This evidence is sufficient upon which to predicate a finding that the building was on fire prior to the explosion.

Defendants contend that it is wholly insufficient to establish that such fire caused the explosion. Evidence was introduced by them establishing that there were several friendly fires in the building at the time of the explosion consisting of a lighted gas jet and a pilot light; that gas was escaping from the refrigerator; that the gas jet was between the refrigerator and the rafters, and from these facts argue that the gas was ignited by the fire from the gas jet and that the explosion was caused in this manner.

Plaintiff offered evidence which showed that the light gas jet was some distance to the right of the refrigerator; that gas was escaping therefrom at a point on a level with the gas jet, and from these facts argues that the gas could not have been ignited by the fire from the gas jet. These different theories were presented to the trial court, and it found in favor of plaintiff. In our opinion there is evidence reasonably tending to support its finding.

Judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.