**MARYLAND CASUALTY CO. v. MORRISON et al.**

No. 3162.

Circuit Court of Appeals, Tenth Circuit.

Nov. 5, 1945.

Rehearing Denied Dec. 10, 1945.

its rights and liabilities under an automobile public liability insurance policy issued to one of the appellees, Ward Morrison, Jr., by the terms of which it agreed to pay all damages to persons or property "caused by accident and arising out of the ownership, maintenance or use of" certain designated vehicles, subject however to the provisions of an endorsement which provided: "It is agreed that such insurance as is afforded by the policy does not apply to accidents arising out of explosion of butane gas and other volatile gases."

In addition to the insured Morrison, and his employee Hudson, the complaint named as defendants third parties who are asserting claims against the insured and Hudson by reason of the alleged negligent operation of one of the vehicles covered by the policy, and other persons similarly situated have intervened. The complaint pleaded the policy and alleged that on March 31, 1944, one of the insured's trucks, while hauling a large quantity of butane and propane gas, caught fire and exploded, causing damage to persons and property; that certain named defendants have either sued or threatened to sue the insured for damages alleged to have been sustained by the negligent operation of the insured truck. It was alleged that according to the contention of insured, the complainant as insurer under the policy, was obligated to defend against the claims for damages, and to indemnify or pay any losses arising out of the negligent operation of the truck, but that since the claimed damages arose out of an explosion of butane gas, they are not within the coverage of the policy, the insurer is not liable therefor, and prays for a judgment declaring its nonliability under the policy. Issues were joined by answer of the insured and other defendants who were asserting claims for damages against the insured by reason of his alleged negligent operation of the truck. As thus cast, the issues under the agreed facts present an actual controversy between citizens of different states, involving far in excess of $3,000.

On a trial of the case, it was agreed that on March 31, 1944, a truck owned by Morrison, which had been recently loaded with butane and propane gas at a refinery near Oklahoma City, was being driven in a northerly direction in the 4300 Block of South Robinson Street by Hudson, as an employee of the insured. When the driver discovered that the truck was on fire, he left it to call the fire department. The

Coleman Hayes, of Oklahoma City, Okl. (Ames, Monnet, Hayes & Brown, of Oklahoma City, Okl., on the brief), for appellant.

B. H. Carey, of Oklahoma City, Okl. (S. J. Clay, of Oklahoma City, Okl., J. A. Rinehart, of El Reno, Okl., Leslie D. Ringer, Miley, Hoffman, France & Johnson, and Cantrell, Carey & McCloud, all of Oklahoma City, Okl., R. H. Morgan, of Watonga, Okl., Rittenhouse, Webster, Hanson & Rittenhouse and William R. Herring, all of Oklahoma City, Okl., on the brief), for appellees.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

The appellant, Maryland Casualty Company, brought this suit for a declaration of

truck rolled against the street curb, where it continued to burn violently, igniting and damaging a lumber yard and residence nearby. While the firemen were attempting to extinguish the flames and control the burning buildings, the truck exploded with great force and violence, throwing fire, burning liquid and parts of the tank and truck for considerable distance, causing injuries and damage to persons and property in the surrounding area. It was agreed that certain of the parties named as defendants and intervenors sustained bodily injuries and damages from the hostile fire prior to the explosion, while other defendants and intervenors sustained bodily injuries and damages from the flying particles of the tank and transport when the explosion occurred. On this record, the appellant concedes liability under its policy for all damages caused by the fire prior to the explosion, but denies liability for the asserted damages directly resulting from the explosion, on the theory that such damages arose out of the explosion of butane gas and was therefore specifically excepted from coverage of the policy. The sole and only question presented to the trial court, and by this appeal, is whether the asserted damages arose out of the explosion of butane gas within the meaning of the restrictive clause in the policy.

Based on the agreed facts, the trial court found that the "resultant explosion was proximately caused by, incidental to, and occurred during the course and progress of said precedent negligent and hostile fire." The court concluded that since the hostile fire preceded and proximately caused the explosion, the injuries and damage to persons and property directly resulting from the flying particles of the tank and truck after the explosion occurred did not "arise out of an explosion of butane gas" within the meaning and intendment of the restrictive rider. Accordingly, it held that the entire loss asserted was a "loss by fire" for which the policy afforded coverage.

The parties have not cited, nor has our search revealed, any case by an Oklahoma court or any other court, construing the same or similar provisions in a public liability insurance policy under comparable facts. The trial court's reasoning and conclusions are bottomed upon the philosophy of cases involving so-called explosion clauses in fire insurance policies, which provide insurance for loss or damage caused directly or indirectly from explosion, unless fire ensues, and in that event for fire damages only. Those cases have long since established the rule, followed in Oklahoma, that where loss by fire is the insured hazard, and a "hostile" fire proximately causes an explosion as a mere incident thereto, the entire loss is a loss by fire within the coverage of the policy, although it may by its terms exclude liability for loss, resulting directly or indirectly from explosion. Springfield F. & M. Ins. Co. v. Oliphant, 150 Okl. 1, 300 P. 711; German Ins. Co. v. Hyman, 42 Colo. 156, 94 P. 27, 16 L.R.A.,N.S., 77; Western Ins. Co. v. Skass, 64 Colo. 342, 171 P. 358; Rossini v. Security Mutual Fire Ins. Co., 46 Cal.App. 675, 189 P. 810; Transatlantic Fire Ins. Co. v. Dorsey, 56 Md. 70, 40 Am.Rep. 403; Githens v. Great Amer. Ins. Co., 201 Iowa 266, 207 N.W. 243, 44 A.L.R. 863; Wheeler v. Phenix Ins. Co., 203 N.Y. 283, 96 N.E. 452; Cook v. Continental Ins. Co., 220 Ala. 162, 124 So. 239, 65 A.L.R. 921; see also Annot. 65 A.L.R. 934; Couch on Ins., Vol. 5, Sec. 1197, p. 4315; Cooley's Briefs on Ins., 2d Ed., Vol. 6, p. 4958. But, to be the proximate cause of the explosion, and hence the insured cause of the loss, the fire must of course precede the explosion, and it must also be a "hostile" fire in the sense that it was unintentional and not innocent, such as the striking of a match, or the burning of a gas jet. A friendly or innocent fire which precedes and causes an explosion is not regarded as the proximate cause of the loss, but in those circumstances the explosion is held to be the efficient cause, and the loss resulting therefrom not within the coverage of a policy excepting losses caused directly or indirectly from explosions. Springfield F. & M. Ins. Co. v. Oliphant, supra; Zamboni v. Implement Dealers' Mut. Fire Ins. Co., 174 Minn. 122, 218 N.W. 457; Githens v. Great American Ins. Co., supra; Exchange Bank v. Iowa State Ins. Co., 218 Mo.App. 587, 265 S.W. 855; Mode v. Fireman's Fund Ins. Co., 62 Idaho 270, 110 P.2d 840, 133 A.L.R. 791; Couch on Ins., Vol. 5, Sec. 1201, p. 4391; Cooley's, supra, p. 4960. This for the obvious reason that a friendly or innocent fire is not itself destructive, and but for the explosion, would not have caused the loss.

█ Consistent with this reasoning, the trial court was of the opinion that the exception pertained to and applied only to losses and damages arising out of explosions which were spontaneous in their origin, or were not caused by a hostile agen-

cy as in this case. To further narrow the issue, the appellant concedes on this record that if the rule of proximate cause as applied in the fire insurance cases is applicable here, the decision of the trial court is correct. But, it earnestly contends that coverage under the terms of our policy is not ruled by the law of proximate cause; that the cause of the explosion is not the test of whether the asserted damages arose out of the explosion within the meaning of the restrictive rider. It is of course fundamentally true that the law of proximate cause does not measure coverage under the insurance contract unless the parties have so agreed.

Our first consideration is whether the asserted losses were caused by an insured hazard, and the answer to that question is to be found within the explicit terms of the contract. The parties were free to make any contract they chose, not prohibited by the statutes of the State or public policy, and while the insurer should not be permitted to insert clauses with equivocal meanings calculated to lead the insured to believe one thing, and then rely upon the courts to give it a different construction by implication, nevertheless the insured has a right to rely upon the contract as made, and it is the duty of the court to enforce the manifest intentions of the parties. It has been well said that "Our guide is the reasonable expectation and purpose of the ordinary business man when making an ordinary business contract. It is his intention, expressed or fairly to be inferred, that counts." Bird v. St. Paul Fire & Marine Ins. Co., 224 N.Y. 47, 120 N.E. 86, 87, 13 A.L.R. 875.

When the parties came to express the extent of coverage under the policy, they provided for insurance against loss "caused by accident and arising out of the ownership, maintenance or use of" the insured vehicles. But the insured was a butane gas dealer—a fact known to the insurer, and it did not intend that the contract should include the extraordinary hazard incident to hauling high explosives, such as butane gas. Accordingly, the parties agreed in clear and familiar language that the insurance afforded by the contract did not apply to "accidents arising out of explosion of butane gas and other volatile gases", and the premium charged was the same as if the insured trucks were hauling milk or water.

Significantly, the limitations in the policy were expressed in the same apt and conventional words employed to express primary coverage.

In the fire insurance cases, the peril insured against is fire, and when a fire occurs, liability attaches ipso facto and continues so long as it is the proximate cause. If therefore, an explosion occurs as a mere incident thereto, the entire loss is nevertheless caused by the fire. In our case however, the parties contemplated liability only for losses caused by negligent accidents of the insured arising out of the operation and maintenance of the insured vehicle, but they also intended to restrict coverage under the policy by a rider, and it was not without purpose. By its incorporation in the contract, the parties intended to exclude from the general coverage a certain class of negligent accidents, to-wit, those arising out of explosions of butane gas. But, if the rule of proximate cause applies, the insurer is liable under the policy for all losses caused by negligent accidents of the insured, consequently nothing is excluded from the primary coverage of the policy, and the rider is rendered meaningless and nugatory because the proximate cause must also be a negligent cause in order for liability to attach. We are not warranted in so construing or interpreting a contract as to render any part thereof meaningless, unless the parties by the language employed have left their meaning in doubt. The trial court has found that this contract is clear and unambiguous, with which we agree. Under the expressed terms of our contract, it is immaterial whether the explosion was caused by a hostile or friendly fire, spontaneous combustion, or some other cause, the asserted losses are excluded from coverage of the policy if they arose out of an explosion of butane gas. This is true because when the parties excluded this particular class of accidents from coverage, they also excluded their proximate cause.

We therefore conclude that the rule of proximate cause does not control the liability of the insurer under this insurance contract, and that the policy by its terms excludes coverage for losses and damages to persons and property directly resulting from the explosion of butane gas or other volatile gases.

The judgment is reversed.